1. INTOXICATING LIQUORS ☞146(3)—CRIMINAL PROSECUTION.

Where defendant gave prosecuting witness a bottle of whisky and received in payment money that had been shortly theretofore given prosecuting witness by a companion for that purpose, defendant was guilty under counts charging a sale directly and indirectly in violation of Pen. Code 1911, art. 611, as amended by Acts 35th Leg. Fourth Called Sess., c. 5.

2. CRIMINAL LAW ☞938(3)—NEW TRIAL — NEWLY DISCOVERED EVIDENCE.

The refusal of a new trial on the ground of newly discovered evidence did not warrant reversal, where it did not appear that the facts set out in the affidavits were unknown to defendant before the trial, at which the witnesses testified, nor that such evidence would have produced a different result.

3. CRIMINAL LAW ☞507(4) — ACCOMPLICE TESTIMONY.

The fact that witnesses in a liquor prosecution were military police, and that the transaction was pursuant to their efforts to capture bootleggers, did not render their evidence insufficient upon the ground that they were accomplices.

Appeal from District Court, Bexar County; W. S. Anderson, Judge.

Tom Mansfield was convicted of selling intoxicating liquors without a license, and he appeals. Affirmed.

E. B. Hendricks, Asst. Atty. Gen., for the State.

MORROW, J. Appellant was convicted of the offense of selling intoxicating liquors without a license, and punishment assessed at confinement in the penitentiary for two years.

[1] The prosecution is under article 611 of the Penal Code as amended by chapter 5 of Acts of the Thirty-Fifth Legislature, Fourth Called Session, which amendment makes the sale directly or indirectly of intoxicating liquors in quantities less than a gallon by any person other than a licensed dealer a felony punishable by confinement in the penitentiary from two to five years.

The indictment charges a sale by appellant directly to Jerry Thomas, and in another count a sale by appellant indirectly to Jerry Thomas of a pint of whisky. Thomas and one Upchurch were together. Thomas testified that appellant handed him a bottle of whisky and that the witness gave appellant the money for it; that before he and Upchurch were able to drink any of it an officer took possession of it. Upchurch testified to substantially the same thing. Both of them identified the bottle of whisky which was produced at the trial. The officer referred to also identified the whisky, and testified that he did not see the money pass but saw the whisky pass.

Both counts in the indictment were submitted to the jury, and a general verdict was rendered.

[2] On a motion for new trial, appellant produced the affidavits of the two witnesses Thomas and Upchurch to the effect that they were together at the time the whisky was purchased from appellant; that the money paid appellant belonged to Upchurch, who handed it to Thomas, and Thomas in his affidavit says that appellant approached him and Upchurch and asked them if they wanted to get something to drink, and, receiving an affirmative answer, the witness handed appellant $1.50, and he took a bottle of whisky out of his pocket and handed it to the witness; that the $1.50 had been given him by Upchurch with which to buy some whisky. Upchurch's affidavit is substantially the same. Appellant, based on these affidavits, contends that this is newly discovered evidence and of such a material character as to require reversal, in that it would appear therefrom that the sale was not made to Thomas, the person named in the indictment. It is not made to appear that the evidence was newly discovered; that is, it does not appear that the facts set out in the affidavits were unknown to appellant before the trial. Both of the witnesses making the affidavits testified on the trial. Nor do the facts set up in the affidavits sustain the contention that they would have produced a different result.

The transaction as detailed in the affidavits would sustain the allegations in the indictment.

[3] The proposition that there is evidence that Thomas and Upchurch were military police, and that the transaction was pursuant to their efforts to entrap bootleggers, does not render the evidence insufficient upon the ground that they were accomplices. See Walker v. State, 72 S. W. 401; also, Vernon's P. C. p. 49. There is no complaint of failure to charge upon the law of accomplices' testimony, and, if that rule applied, the testimony of the police officer furnished corroboration.

Finding no errors in the record, the judgment of the district court is affirmed.

---

Ex parte WILLIAMS. (No. 5175.)

(Court of Criminal Appeals of Texas. Oct. 23, 1918. Rehearing Denied Nov. 13, 1918.)

HABEAS CORPUS ☞113(9)—APPEAL—BILL OF EXCEPTIONS.

Contention of petitioner in habeas corpus that he objected to certain evidence is not available on appeal, it not being shown by bill of exceptions.

Appeal from District Court, Falls County; W. A. Patrick, Judge.

Habeas corpus by Frank Williams to obtain bail. Bail denied, and petitioner appeals. Affirmed.

William Kennedy, of Groesbeck, for appellant. E. B. Hendricks, Asst. Atty. Gen., for the State.

PRENDERGAST, J. Appellant was duly indicted for the murder of Hal St. Clair. He sued out a habeas corpus seeking bail. The court heard the evidence and denied bail, from which he appeals.

There is no bill of exceptions in the record. It is stated in the statement of facts that appellant objected to certain testimony; but there is no bill showing this, and nothing showing that the court approved any such bill, or any bill at all. The evidence heard was amply sufficient to justify the court to deny bail.

The judgment is affirmed.