■ The bill complaining of the conduct of the jury was approved by the court who attempted to qualify same. It is noted, however, that exception was taken to such qualification, leaving the bill approved as presented.

The judgment of the trial court is affirmed.

## WILKINSON et ux. v. STATE.
### No. 24592.

Court of Criminal Appeals of Texas.
Jan. 11, 1950.

None on appeal.

E. W. Boedeker, County Attorney, Levelland, George P. Blackburn, State's Atty., of Austin, for the State.

GRAVES, Judge.

Both appellants were convicted by the jury and each fined the sum of $100 for the unlawful possession of whisky in a dry area.

The testimony shows that Lubbock County is a dry area under the law. On the

date in question the Sheriff of that County, his deputy, and a Texas Liquor Control Board Agent, being in possession of a search warrant, approached the home of the appellants; that Mrs. Wilkinson ran into the house immediately and began to break some bottles which evidently contained whisky. She broke five bottles, but the officer following her found two bottles which were not broken. No defense was offered, and we think the testimony was sufficient to show guilt.

There are no bills of exception in the record.

No error appearing, the judgment will be affirmed.

## Ex parte MATTHEWS.
### No. 24716.

Court of Criminal Appeals of Texas.
Jan. 11, 1950.

844

No appearance, for appellant.

George P. Blackburn, State's Atty., of Austin, for the State.

BEAUCHAMP, Judge.

An application for writ of habeas corpus was filed before the Criminal District Court of Dallas County on September 29, 1949. The only effort to allege grounds for it was that R. D. Matthews, the petitioner, "* * * is illegally confined and restrained of his liberty in Dallas County, Texas by Bill Decker, Sheriff," and others, together with the following: "The nature of such illegal confinement and restraint being *Illegal Hold* for the State of Arkansas."

There is no statement that a hearing was had and the only judgment we find in the record is in the following language: "Relator remanded to the custody of the Sheriff of Dallas County, Texas, to hold for the Removal Agent of Arkansas. To which Relator excepts and gives Notice of Appeal to the Court of Criminal Appeals of Texas, at Austin, Texas. Bond set at $1500.00 on Appeal."

Appellant entered into recognizance in the sum of $1500, as required of him, and requested 60 days in which to perfect his appeal. This was granted. No further action is indicated. This presents nothing for our consideration.

Judgment of the trial court is affirmed.