J. T. Pitcock v. State.

No. 30,708. May 13, 1959.
State's Motion for Rehearing Overruled June 17, 1959.

No attorney for appellant of record on appeal.

*Dan Walton,* District Attorney, *Thomas D. White, Samuel H. Robertson, Jr., Lee P. Ward, Jr.,* Assistants District Attorney,

Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The offense is passing as true a forged instrument; the punishment, five years.

The appeal is from a conviction upon a plea of guilty before the court.

The indictment alleged the passing of a forged draft for $59.52 drawn on Houston National Bank, signed Leon Morrison, 1326 Gray, payable to Battlesteins. The draft was alleged to have been passed to Delbert Washington.

Art. 12 V.A.C.C.P. provides in part "in no event shall a person charged be convicted upon his plea of guilty without sufficient evidence to support the same."

Being advised as to the necessity of evidence being heard in each case, appellant and his counsel agreed with counsel for the state that the examining trial testimony and sworn affidavits of the witnesses be introduced rather than having the witnesses appear before the court and testify.

We have held that such affidavits were of probative value when introduced by agreement of the defendant. Ex parte Clark, 164 Texas Cr. Rep. 385, 299 S.W. 2d 128.

The examining trial testimony of S. M. Hammond, Assistant Credit Manager at Battlesteins, was read to the court, in which he said that Delbert Washington (who did not testify) "turned the merchandise over to the defendant and received that check in the amount of $59.52 for it."

It is apparent that Mr. Hammond's recital as to what occurred between the deliveryman and appellant or his confederates at 1326 Gray was information he had received, and not knowledge he had acquired on the scene. He was not present and his testimony was hearsay.

It was this character of hearsay evidence which we pointed out in Ex parte Clark, 164 Texas Cr. Rep. 385, 299 S.W. 2d 128, 130, is without probative value, though admitted without objection, because it implies the possession of information rather than

knowledge, and derives its value from the veracity of the informer, not alone upon the credit to be given the witness.

In the absence of testimony of probative value that the draft was passed to Delbert Washington, as alleged in the indictment, the evidence is insufficient to sustain the conviction.

The judgment is reversed and the cause remanded.