The jury resolved the issue against appellant and the evidence is sufficient to sustain their findings.

By brief and oral argument appellant contends that there was fundamental error in regard to the proof regarding the intoximeter test. In the absence of objection to the admission of such evidence, there is nothing before us in this regard.

The judgment is affirmed.

**George Washington HENAGE, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 33658.**

Court of Criminal Appeals of Texas.

Nov. 1, 1961.

George T. Thomas, Big Springs, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Presiding Judge.

The indictment alleged the burglary of a coin operated machine with intent to steal personal property therein. (Art. 1402a, Vernon's Ann.P.C.) The second count alleged the theft of a coin operated pay telephone of the value of over $50.

Appellant and his court appointed counsel waived the time allowed by statute (Art. 494, Vernon's Ann.C.C.P.) to prepare for trial, and with the consent of the attorney representing the state, and the approval of the trial judge, waived a jury trial and pleaded guilty to count one of the indictment.

After the evidence was heard, the sufficiency of which is not questioned and which included appellant's confession, counsel for the state recommended a punishment of 5 years and appellant's counsel stated there was no objection. The trial judge then found appellant guilty and assessed his punishment at 5 years in the penitentiary.

Appellant waived time for filing motion for new trial and was sentenced the same day.

Notice of appeal was thereafter given and recognizance on appeal entered into.

The sole ground upon which reversal is sought is the contention that appellant was not admonished by the court of the consequence of his plea of guilty as required by Art. 501, C.C.P.

The judgment recites that the "defendant was admonished by the court of the consequences of said plea, and said defendant persisted in pleading guilty."

It is appellant's contention that the record clearly discloses that the defendant was not "admonished" of the "consequences" of said plea.

The statement of facts reveals that the trial judge ascertained from the defendant that he realized that the offense was one for which he could be sent to the penitentiary, and informed the defendant that the maximum punishment was "at least several years in the penitentiary" and the defendant said he understood this.

Appellant relies upon the absence of any showing in the statement of facts that the court informed him that the punishment for the offense charged in the first count of the indictment was a fine of not less that $100 nor more than $1000, or confinement in the County Jail for not less than 10 days nor more than 2 years, or both fine and imprisonment, or confinement in the State Penitentiary for a period of not more than 5 years; nor does the statement of facts show that appellant was admonished that the punishment for the offense charged in the second count of the indictment was from 2 to 10 years in the penitentiary.

There are no bills of exception.

We are aware of no statute or decision requiring that the statement of facts show the admonition given to the defendant as to the consequences of his plea of guilty. There is no certification that all the court said in admonishing the defendant appears in the statement of facts herein.

Under these facts we are unable to agree with appellant's contention that the record shows that he was not admonished as the judgment recites he was.

In Braggs v. State, Tex.Cr.App., 334 S.W. 2d 793, 794, cited by appellant, Judge Morrison, in his opinion reversing the conviction, stated: "In accepting appellant's plea, the court did so in practically the same words as are set forth in our opinion in Alexander v. State, 163 Tex.Cr.R. 53, 288 S.W.2d 779, and which we held failed to properly admonish the accused of the consequences of his plea as required by Article 501, Vernon's Ann.C.C.P."

Judge Davidson concurred in the reversal, but upon other grounds.

The writer, dissenting, said: "As to appellant being admonished by the court of the consequences of her plea of guilty, the judgment recites that this was done and there is no bill of exception showing the contrary, as there was in Alexander v. State, 163 Tex.Cr.R. 53, 288 S.W.2d 779."

It follows that the case of Braggs v. State, supra, may not be construed as holding contrary to this opinion. If so, it is to that extent overruled.

The judgment is affirmed.

MORRISON, Judge (concurring).

I agree to the affirmance of the conviction because I have concluded that the admonition given was sufficient. I do not, however, agree to the overruling of Braggs v. State, supra, and do not think it is necessary to do so.