**Jack Doyle McMILLON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 35652.**

Court of Criminal Appeals of Texas.

May 8, 1963.

Percy Foreman, Houston, for appellant.

Frank Briscoe, Dist. Atty., Houston, Gus J. Zgourides and Daniel P. Ryan, Jr., Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

BELCHER, Commissioner.

The conviction is for murder without malice under Art. 802c, V.A.P.C.; the punishment, four years.

The evidence of the state reveals that about 9:30 P.M., the appellant while intoxicated drove his automobile upon a two-lane highway and while so driving turned his Cadillac to the left across the center stripe to pass an automobile which was immediately in front of him and traveling in the same direction; that in proceeding to pass the automobile, the appellant was instantly confronted with a Volkswagen traveling in the opposite direction; that the Volkswagen swerved to its right and appellant swerved to his left, and the collision between them occurred causing the death of three of the four occupants of the Volkswagen, including the deceased named in the indictment.

Testifying in his own behalf, the appellant admitted that he was driving the Cadillac at the time and place in question but denied that he was intoxicated, although he stated that he drank two beers between 1 and 6 P.M., and the last of three other beers at 8 P.M., before the collision about 9:30 P.M. He further testified that immediately before the collision, an automobile suddenly came out of a side road on his right, turned onto the road in front of him, and to avoid striking it he applied his brakes, swerved into the lane on his left and hit the oncoming Volkswagen causing the death of three of its occupants.

Appellant in his brief and on oral argument contends that the court's charge was fundamentally erroneous on the ground that it failed to correctly submit the means causing the death of the deceased as alleged in the indictment. The court in its charge, among other conditions, authorized a conviction if the jury found that appellant killed Dan Dansby by driving his automobile into and causing it to collide with Dan Dansby, thereby jarring, bruising and injuring his body which caused Dansby's death. Whereas, the indictment alleged that appellant "did kill Dan Dansby by then and there driving said vehicle into and causing it to collide with an automobile, which said automobile was then and there occupied by the said Dan Dansby, thereby jarring, bruising and injuring the body of the said Dan Dansby, from which injuries the said Dan Dansby then and there died."

There were no objections to the charge of the court or any requested charges.

It is uncontroverted that the collision caused the death of Dan Dansby. The appellant testified that the collision caused the death of three of the occupants of the Volkswagen. Therefore the failure of the charge to require, before conviction, the finding that the death of the deceased resulted from appellant's driving his car into and

against a car occupied by the deceased as alleged in the indictment, instead of the findings under the charge as given that he caused the car to collide with the body of the deceased thereby killing him, was not under the evidence calculated to prejudice the rights of the appellant. If there was error in the charge, it was not fundamental and was waived by the failure of the appellant to object in the trial court. Art. 666 C.C.P.

■ The evidence is sufficient to support the conviction and no reversible error appearing, the judgment is affirmed.

Opinion approved by the Court.