**Juan D. HERNANDEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 36921.

Court of Criminal Appeals of Texas.

April 29, 1964.

Frank Mabry, Houston, Rex Emerson, Houston (on appeal only), for appellant.

Frank Briscoe, Dist. Atty., Carl E. F. Dally, James C. Brough and Gus J. Zgourides, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is murder without malice under Article 802c V.A.P.C. with two prior felony convictions alleged for enhancement; the punishment, life.

Three witnesses who were near the scene of the collision testified that an automobile driven by appellant veered from one traffic lane to another and hit a bicycle on which two boys were riding and that one of the boy's body lay where it came to rest. They each expressed the opinion from appellant's odor, appearance and demeanor that he was intoxicated. Three police officers who arrived upon the scene shortly after the collision expressed the same opinion. It was shown that appellant escaped from the officers' custody when he was taken to a hospital for treatment of a cut on his leg. Pictures of the scene were introduced which showed the body of the boy in front of the automobile and beside the telephone pole.

The prior convictions were stipulated.

Appellant testifying in his own behalf stated that he had drunk only two and one-half bottles of beer prior to the collision, but that he was not intoxicated, and that the collision was caused by the wheels of his automobile beginning to shimmy which caused him to lose control of his automobile and to run into the bicycle on which the boys were riding and thence into a telephone pole. He explained his escape from

the hospital by saying, "I just panicked, that's all."

The witness Wright, a taxi driver, testified that he drove appellant later that night, and that appellant told him of the accident he had earlier in the day. Appellant and his brother testified that appellant was at home in bed at the time mentioned in Wright's testimony.

■ Appellant asserts that there was no competent evidence to support the allegations in the indictment that the injuries sustained by the deceased caused his death. We shall discuss the non-stipulated testimony first. The witness Trujillo, a security officer at the Ben Taub General Hospital who witnessed the tragedy, testified that he went over to the boy, but saw that he was "beyond help", and stated, "I know when I see a dead person. I took care of the morgue for two years at J. D. Hospital." Darlene Robinson testified "I went to see if the boy was hurt bad", and "I saw him dead. * * *" Appellant himself testified, "I ran over to see if I could help the boy, but I couldn't do anything for him." The witness Wright testified that appellant told him he had run over a little boy on a bicycle and killed him.

We now come to the stipulation in which appellant personally joined. It was that if Dr. Coulter were present, he would testify that he performed a postmortem examination on the body of the deceased and from such concluded that deceased came to his death as the result of a broken neck, back and crushed chest sustained in a collision between an automobile and a bicycle. Appellant's reliance upon Braggs v. State, 169 Tex.Cr.R. 405, 334 S.W.2d 793, is not well founded because the opinion of the majority in that case was based upon Pitcock v. State, 168 Tex.Cr.R. 204, 324 S.W.2d 866, where we held that a stipulation as to hearsay was not sufficient. The stipulation in the case at bar is a parallel to Watson v. State, Tex.Cr.App., 363 S.W.2d 933 and cases there cited, and we hold the same to be sufficient. The constitutional right of confrontation may be waived. Field v. State, 155 Tex.Cr.R. 137, 232 S.W.2d 717 and authorities there cited.

■ We find no objection to the court's charge and no requested charges. We have examined the charge and do not find fundamental error therein. No reversible error is presented for review. McMillon v. State, Tex.Cr.App., 367 S.W.2d 676.

Finding the evidence sufficient to sustain the conviction and no reversible error appearing, the judgment is affirmed.