**Elmer Leon STANFIELD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 42460.**

Court of Criminal Appeals of Texas.

Dec. 10, 1969.

Rehearing Denied Feb. 25, 1970.

Jack Hampton, Dallas, for appellant.

Henry Wade, Dist. Atty., and John B. Tolle, Camille Elliott, James P. Finstrom, Alvin Walvoord and Ronald W. Chapman, Asst. Dist. Attys., Dallas, and Jim Vollers, State's Atty., Austin, for the State.

MORRISON, Judge.

## OPINION

The offense is felony theft with two prior noncapital felonies alleged for enhancement; the punishment, life.

Appellant's first ground of error grows out of the State's cross examination of him as a witness in his own behalf at the guilt stage of the trial. He was first asked if he had been convicted in 1967 for forging and passing, and he admitted that he had. He was then asked and answered affirmatively that he had been convicted of burglary in 1964. Next, he admitted a prior conviction for robbery in Hunt County. He was then asked and required to answer, over objection, that he had been also convicted in 1967 for possession of obscene photographs.

We need not pass on appellant's objection that such offense does not involve moral turpitude because of what preceded. If appellant was hurt, it was the result of his prior felony convictions, plus the fact that he had been released from prison for the last offense less than six months prior to the date of this offense, for which he was now on trial.

His next ground of error relates to officer Lauderdale's testimony at the hearing on punishment. Officer Lauderdale testified as to the arrest of appellant for

the 1967 forgery conviction in order to show sequence of the two prior convictions. On cross examination, the officer was interrogated about the complainant in such case. On redirect the officer made an unresponsive answer about sixteen (16) other checks, and appellant's objection was sustained. Burks v. State, Tex.Cr.App., 432 S.W.2d 925, is the authority for the rule that appellant must continue to object until he gets a ruling unfavorable to him. Lawhon v. State, Tex.Cr.App., 429 S.W.2d 147, holds that it is incumbent upon an appellant to secure a ruling from the court in order to preserve the question on appeal.

■ He further contends that the state was permitted to prove one of the prior convictions by hearsay. While it is true that Officer Lauderdale testified on cross examination that he knew only what Mr. Bradley had conveyed to him about the 1967 forgery, we do find the following:

"Q. Forgery, and were you employed by the Dallas Police Department and working in your capacity as a policeman on the 16th day of January, 1967?

A. Yes, sir, I was.

Q. On that date, sir, did you have an occasion to investigate an offense *occurring on the same date?*

A. Yes, sir, I did.

Q. And who did that offense involve?

A. Elmer Leon Stanfield."

Braggs v. State, 169 Tex.Cr.R. 405, 334 S.W.2d 793, and Pitcock v. State, 168 Tex.Cr.R. 223, 324 S.W.2d 866, relied upon by appellant, are therefore not determinative of this appeal.

■ Appellant's last contention is that the court erred in limiting his proof of an alibi. When he ruled that appellant's mother who had stated that she called appellant at her home at 5:30 (the time the stolen automobile was wrecked and abandoned at another address), she could not

give the details of the conversation. The latter was the only limitation on such testimony.

Reliance is had upon the holding of this Court in Burnet v. State, 150 Tex.Cr.R. 575, 205 S.W.2d 47, wherein this Court held that a *res gestae* statement by the accused which reflected his state of mind immediately prior to the homicide, should have been admitted and is not controlling here. While testifying in his own behalf, the appellant stated that he talked to his mother shortly before going to the drug store where he was arrested, but he made no effort to relate the subject of his conversation to her. In appellant's brief, he states that if she had been permitted, his mother would have told that when she talked to him he said that he had been at home working on his automobile. We have searched the record in vain and fail to find where such testimony is preserved, Ex parte Selby, Tex.Cr.App., 442 S.W.2d 706; Ex parte Thomas, Tex.Cr.App., 429 S.W.2d 151.

Finding no reversible error, the judgment is affirmed.

BELCHER, Judge.

OPINION

ON APPELLANT'S MOTION
FOR REHEARING

■ In his motion for rehearing the appellant contends that the trial court erroneously allowed the state to prove by hearsay testimony that the defendant's second conviction was for an offense occurring after his first felony conviction became final.

The enhancement portion of the indictment alleged that the appellant was convicted on June 12, 1964 for burglary and on February 10, 1967 for passing a forged instrument.

Officer Lauderdale testified that he arrested the appellant on January 16, 1967

for passing a forged instrument on that date, that the check in question reflected the date of January 16, 1967; and that the appellant was subsequently indicted and convicted for that offense in Cause No. C–67–556–JK. According to the judgment and sentence in said cause which are in the record, the appellant entered a plea of guilty on February 10, 1967, to the offense of passing a forged instrument, and sentence was pronounced that day. The appellant testified on cross-examination that he was convicted on June 12, 1964 for burglary and on February 10, 1967 for passing a forged instrument in Cause No. C–67–556–JK. The evidence was sufficient for the jury to find that the defendant's second conviction was for an offense committed after his first felony conviction became final.

The appellant's motion for rehearing is overruled.

MORRISON, J., not participating.