**Ex parte Wayne D. SIMS.**

No. 55139.

Court of Criminal Appeals of Texas, En Banc.

Nov. 23, 1977.

Opinion On State's Motion For Rehearing Feb. 15, 1978.

Carol S. Vance, Dist. Atty. and Clyde F. DeWitt, III, Asst. Dist. Atty., Houston, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This is an appeal from an order entered in a habeas corpus proceeding.

Appellant is charged by indictment with aggravated robbery in Cause Number 252482 in the 176th District Court of Harris County. After the hearing bail was reduced from $70,000 to $40,000, and notice of appeal was given. The record is before us without a transcription of the court reporter's notes.

The preparation of the record in a habeas corpus appeal is governed by Art. 44.34, V.A.C.C.P., which provides:

"When the defendant appeals from the judgment rendered on the hearing of an application under habeas corpus, a record of the proceedings in the cause *shall* be made out and certified to, *together with all the testimony offered*, and *shall* be sent up to the Court of Criminal Appeals for review. This record *shall* be sent up to the Court of Criminal Appeals within fifteen days after the date of the judgment, except that if good cause is shown, the time may be extended by the Court of Criminal Appeals.[1] This record, when the proceedings take place before the court in session, *shall* be prepared and certified by the clerk thereof; but when had before a judge in vacation, the record may be prepared by any person, under direction of the judge, and certified by such judge." (Emphasis added.)

The statute is mandatory, and requires that the testimony offered at the hearing be included in the record on appeal.[2] The record before us reflects that the hearing was held and judgment was entered on May 11, 1977. The record was certified by the clerk on May 25, but it does not include the testimony offered at the hearing. Neither does the record show any request to this Court for an extension of time as authorized by the statute set out above. As a result, we are unable to determine the appeal. See Art. 44.36, V.A.C.C.P.

Accordingly, the appeal must be abated in order for the clerk of the trial court to prepare a complete record as required by Art. 44.34, supra.

Many earlier habeas corpus appeals were affirmed when no transcription of the court reporter's notes (or statement of facts) was in the record. Those cases, however, cited no statutory authority for placing the burden on the petitioner to submit such material for inclusion in the record, and Article 44.34, supra (or the like provision in earlier codes of criminal procedure), was not mentioned. Accordingly, those cases are not controlling authority on the proper interpretation of Article 44.34, and we expressly overrule those cases, which include: *Ex parte Kindell*, Tex.Cr.App., 415 S.W.2d 922;

---

1. See Art. 44.33, V.A.C.C.P., Rules of the Court of Criminal Appeals, Rule 13. Cf. Art. 40.-09(16), V.A.C.C.P.

2. Contrast with the rule in other appeals, Art. 40.09(1) and (5), V.A.C.C.P.

*Ex parte Moore,* Tex.Cr.App., 318 S.W.2d 667; *Ex parte Lewis,* Tex.Cr.App., 263 S.W.2d 557; *Ex parte Anderson,* Tex.Cr. App., 243 S.W.2d 169; *Ex parte Matthews,* Tex.Cr.App., 225 S.W.2d 843; *Ex parte Stone,* 152 Tex.Cr.R. 351, 214 S.W.2d 127; *Ex parte Canavan,* 147 Tex.Cr.R. 493, 182 S.W.2d 818; *Ex parte Palmer,* 136 Tex. Cr.R. 245, 124 S.W.2d 860; *Ex parte Newsom,* 136 Tex.Cr.R. 239, 124 S.W.2d 860; *Ex parte Horn,* Tex.Cr.App., 97 S.W.2d 698; *Ex parte Adams,* Tex.Cr.App., 13 S.W.2d 842; *Ex parte Williams,* 84 Tex.Cr.R. 131, 206 S.W. 195; *Ex parte Teague,* Tex.Cr. App., 145 S.W. 620; *Ex parte Northern,* 63 Tex.Cr.R. 275, 140 S.W. 95; *Ex parte Naill,* Tex.Cr.App., 127 S.W. 1031.

Turning from the above overruled cases, which neither state reasoning nor cite authority for *affirming* rather than abating a habeas corpus appeal in the absence of a statement of facts, we find an earlier case in which a related defect was held dispositive. In *Ex parte Malone,* 35 Tex.Cr.R. 297, 31 S.W. 665, 33 S.W. 360, the habeas corpus judgment was affirmed on appeal without consideration of the purported statement of facts in that record because the court found it was not prepared in compliance with the rules then in force. Although Judge Henderson dissented on rehearing, 33 S.W. at 361, regarding the proper preparation of the statement of facts, he agreed that the failure to comply with that procedure required affirmance, and he concurred in the disposition of the case. The authorities cited on original submission for disposition in the absence of a proper statement of facts were *Hess v. State,* 30 Tex.App. 477, 17 S.W. 1099, and *Morris v. State,* Tex.Cr.App., 29 S.W. 780, *both of which were direct appeals from a judgment of conviction.* In *Hess* the court stated that *diligence* in preparing the statement of facts was not shown to have been exercised by the defendant or his counsel. But if, as in habeas corpus appeals under Art. 44.34, supra, and Art. 881, Texas Code of Criminal Procedure (1879), then in force, the duty to prepare the record for appeal, "together with all the testimony offered," is not on the defendant, but on the clerk or judge, then no want of

diligence may be attributed to the defendant, and he may not be denied a full review on appeal for some third party's failure to act. Thus, the rule governing direct appeals does not apply, and the decisions in *Hess* and *Morris,* applying to direct appeals, do not apply in a habeas corpus appeal.

In *Ex parte Isaacs,* 35 Tex.Cr.R. 80, 31 S.W. 641, the Court also affirmed a habeas corpus appeal when presented with a purported statement of facts that was not properly prepared. There, as in *Malone,* supra, decisions in cases on *direct appeal* were cited. Furthermore, in one of those direct appeals, *Butler v. State,* 33 Tex.Cr.R. 232, 26 S.W. 201, the Court considered the statement of facts in spite of the error in its preparation and reversed the conviction, announcing, "Hereafter such violations of the rules [for preparing the statement of facts] will simply be met by this court's refusing to consider the statement of facts for any purpose."

It thus appears from *Butler,* supra, that the bar to consideration of an improperly prepared statement of facts in a direct appeal was not considered jurisdictional, but was announced as *a prospective rule, created by the Court in its discretion, to govern consideration of future appeals brought before it.*

Our examination of these earlier habeas corpus appeals; i.e., *Malone* and *Isaacs,* supra, convinces us that they, taken with their authorities, do not support affirmance of the instant appeal in the absence of a transcription of the court reporter's notes. We believe the Court in *Ex parte Kramer,* 19 Tex.App. 123, correctly noted the distinction between habeas corpus appeals and others upon which we base today's decision:

"[W]e are of the opinion that the rules governing the forwarding of transcripts to this court, on appeals in other criminal actions, do not govern appeals in *habeas corpus* cases. Appeals in *habeas corpus* cases are separately and specially provided for and regulated, and no particular mode is prescribed for bringing the transcripts in such cases before this court.

(Code Crim.Proc., art. 881.) [Now, Art. 44.34, supra.]"

Finally, if any doubts remain about the soundness of the distinction we draw between habeas corpus appeals and appeals brought under Art. 40.09, V.A.C.C.P., from a judgment of conviction, it should be noted that Art. 44.34, supra, was amended in 1973 by the addition of the second sentence, to-wit:

"This record shall be sent up to the Court of Criminal Appeals within fifteen days after the date of the judgment, except that if good cause is shown, the time may be extended by the Court of Criminal Appeals."

This provision alone demonstrates the incompatibility of the habeas corpus appeal with the procedures set out in Art. 40.09, supra.

For the reasons set out at the beginning of this opinion, the appeal is abated and the clerk of the trial court is directed to prepare a complete record as required by Art. 44.34, supra, and to send it to this Court within fifteen days (unless an extension of time is applied for and granted under the terms of the statute and the rules of this Court) in order that we may decide the case.

It is so ordered.

DOUGLAS, Judge, dissenting.

Overruling many cases which held that the judgment in a habeas corpus proceeding must be affirmed in the absence of a statement of facts, the majority abates this appeal because there was no compliance with Article 44.34, V.A.C.C.P. The rule of those cases was considered to be so well established that no reasoning or citation of statutory authority was required. See e.g., *Ex parte Naill*, 127 S.W. 1031 (Tex.Cr.App. 1910); *Ex parte Palmer*, 136 Tex.Cr.R. 245, 124 S.W.2d 860 (1939); *Ex parte Moore*, 318 S.W.2d 667 (Tex.Cr.App.1958); and *Ex parte Kindell*, 415 S.W.2d 922 (Tex.Cr.App. 1967). Their implicit rationale, however, was that the burden was on petitioner to submit the statement of facts for inclusion in the record on appeal and that Article 44.34 (or its equivalent) was waived if he failed to discharge that burden. The majority in the instant case repudiates this rationale without adequate justification in law, reason or policy.

Article 40.09, V.A.C.C.P., governs appeals from judgments of conviction and thus does not directly control this case. However, since that article and Article 44.34 both relate to the subject of appeals, they are governed by one spirit and policy and are intended to be consistent and harmonious in their several parts and provisions.

Article 40.09 places the burden upon defendant to obtain a transcription of the reporter's notes for inclusion in the record. Nothing in policy or the language of Article 44.34 supports the view that the Legislature intended to remove this burden from petitioner in habeas corpus appeals. Under these circumstances we should reaffirm the rule which the majority rejects today.

That the term "shall" is used in Article 44.34 does not compel the conclusion that such provision is mandatory. This term is also used in Article 19.01, V.A.C.C.P., governing the appointment of jury commissioners, but we held in *Garcia v. State*, 522 S.W.2d 203 (Tex.Cr.App.1975), that that article is directory and not mandatory.

Likewise, we have consistently held that Article 20.20, V.A.C.C.P., is directory and not mandatory. *Jenkins v. State*, 468 S.W.2d 432 (Tex.Cr.App.1971); *Cotton v. State*, 500 S.W.2d 482 (Tex.Cr.App.1973). That article provides that the names of witnesses on whose testimony an indictment is founded *shall* be endorsed thereon.

Whether Article 44.34 is mandatory or directory, petitioner may waive compliance with the provision. Article 1.14, V.A.C.C.P., provides as follows:

"The defendant in a criminal prosecution for any offense may waive any rights secured him by law except the right of trial by jury in a capital felony case."

Article 1, Section 10 of the Texas Constitution, and Article 1.25, V.A.C.C.P., grant an accused the right to be confronted with the witnesses against him. But even

though both provisions state that the accused "shall be confronted", it is fundamental that the right may be waived. *Garcia v. State*, 151 Tex.Cr.R. 593, 210 S.W.2d 574 (1948); *Hernandez v. State*, 378 S.W.2d 311 (Tex.Cr.App.1964); *Salas v. State*, 385 S.W.2d 859 (Tex.Cr.App.1965); *Rushing v. State*, 476 S.W.2d 675 (Tex.Cr.App.1972); *Jones v. State*, 501 S.W.2d 670 (Tex.Cr.App. 1973); *Kimithi v. State*, 546 S.W.2d 323 (Tex.Cr.App.1977).

Article 26.01, V.A.C.C.P., provides that there *shall* be an arraignment in all felony cases, after indictment, and all misdemeanor cases punishable by imprisonment. It is well established that the right to an arraignment may be waived notwithstanding the fact that the statute is mandatory. *Eckels v. State*, 153 Tex.Cr.R. 402, 220 S.W.2d 175 (1949); *Vanwright v. State*, 454 S.W.2d 406 (Tex.Cr.App.1970); *Richardson v. State*, 508 S.W.2d 380 (Tex.Cr.App.1974).

Article 38.23, V.A.C.C.P., provides in part:

"*No evidence* obtained by an officer or other person in violation of any provision of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, *shall* be admitted in evidence against the accused on the trial of any criminal case. . . ." (Emphasis added)

Although this rule regarding illegally obtained evidence is mandatory, complaints regarding the admission of such evidence may be waived. *LeBlanc v. State*, 424 S.W.2d 434 (Tex.Cr.App.1968); *Ansley v. State*, 468 S.W.2d 862 (Tex.Cr.App.1971); *Warren v. State*, 514 S.W.2d 458 (Tex.Cr. App.1974); *McGrew v. State*, 523 S.W.2d 679 (Tex.Cr.App.1975); *Cameron v. State*, 530 S.W.2d 841 (Tex.Cr.App.1975); *Allen v. State*, 536 S.W.2d 364 (Tex.Cr.App.1976).

Many other examples of waiver of mandatory provisions could be given. Even constitutional rights may be waived by failing to take certain actions or by failing to object. See *Estelle v. Williams*, 425 U.S. 501, 96 S.Ct. 1691, 48 L.Ed.2d 126 (1976); *Boulware v. State*, 542 S.W.2d 677 (Tex.Cr. App.1976).

From the foregoing it is clear that petitioner may waive the requirement of Article 44.34 that the statement of facts be included in the record on appeal.

What the majority overlooks is that in many cases a petitioner in a habeas corpus proceeding, particularly in extradition matters, does not want a transcription of the court reporter's notes. All he seeks is delay.

Today's erroneous decision will add additional burdens to the trial courts, the court reporters, the clerks' offices, and to this Court. It is difficult to understand how all of the judges who have sat on this Court since it was created have been wrong in the thousands of cases which have been decided to the contrary.

Article 1.14, supra, which provides that an accused may waive a right such as is in issue in the instant case, has not been repealed. There was a waiver in this case. The judgment should be affirmed.

ONION, P. J., joins in this dissent.

## OPINION ON STATE'S MOTION FOR REHEARING

Before the court en banc.

DOUGLAS, Judge.

On original submission, when this Court consisted of five judges, this cause was reversed and remanded by three judges because there was no transcription of the court reporter's notes in the record even though none was requested. This writer, joined by Presiding Judge Onion, dissented. Now a majority of the Court which consists of nine agree that the judgment should be affirmed. We hold, as we have consistently done before the majority opinion on original submission was written, that in a habeas corpus proceeding the judgment will be affirmed absent a statement of facts or bills of exception where nothing has been presented for review.

The State's motion for rehearing is granted. The judgment is now affirmed.[1]

VOLLERS, J., not participating.

ONION, Presiding Judge, concurring.

For the reasons set forth in the concurring opinion in *Ex parte Henry Henderson, Jr.,* 565 S.W.2d 50 (Tex.Cr.App. # 57,115, this day decided), I agree that the State's Motion for Rehearing should be granted and the judgment be affirmed.

ODOM, Judge, dissenting.

I adhere to the position held by the majority on original submission of this case. The language of the statute (Art. 44.34, V.A.C.C.P.) is clear and the purpose is speedy disposition of habeas corpus cases. The new majority violate the mandate of the legislature and frustrate its purpose. See *Ex parte Henderson,* 565 S.W.2d 50 (No. 57,115), dissenting opinion.

The majority in this case on original submission described the absence of authority for the position taken by the new majority, and pointed out when and how the jurisprudence first went astray on this matter. "A man should never be ashamed to (admit) he has been in the wrong, which is but saying, in other words, that he is wiser today than he was yesterday." (Attributed to Alexander Pope.) The wrong rulings in the past are not adequate justification for continuing that wrong today. I dissent to the majority's return to a wrong once righted.

ROBERTS and PHILLIPS, JJ., join this opinion.

---

1. See *Ex parte Henderson,* 565 S.W.2d 50 (No. 57,115, this day decided).