

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

PD-1530-08

ROBERT LEE MENEFEE, Appellant

v.

THE STATE OF TEXAS

On Discretionary Review of Case 12-07-00001-CR of the
Twelfth Court of Appeals,
Smith County

*WOMACK, J., filed a concurring opinion, in which COCHRAN, J., joined.*

So far as the United States Constitution is concerned, a voluntary and knowing plea of guilty is a sufficient basis for a judgment of guilt.[1]

In a federal court, the only additional requirement is that "the court should not enter a judgment upon such plea without making such inquiry as shall satisfy it that there is a factual basis for the plea."[2]

---

[1]*See North Carolina v. Alford*, 400 U.S. 25 (1970); *Boykin v. Alabama*, 395 U.S. 238 (1969); *Ex parte Williams*, 703 S.W.2d 674, 682 (Tex. Cr. App. 1986).

[2]FED. R. CRIM. P. 11(f).

Many states have adopted a comparable provision. Generally, these provisions leave the judge free to decide in the particular case how this determination can best be made; the factual basis is most commonly made by inquiry of the defendant (sometimes said to be the best method), inquiry of the prosecutor or defense counsel, examination of the plea agreement, presentence report or preliminary hearing transcript, testimony by police, or a combination of these methods. Nor do they attempt to establish a precise quantum of evidence which must be met.[3]

Texas has a unique requirement that, if a jury trial has been waived, a plea of guilty in a felony case must be supported by evidence.

This requirement of evidence was part of a 1931 act of the legislature that permitted a jury trial to be waived. Before 1931, Texas law required a jury in every felony case. Jury trial was required in every case in which the defendant pleaded not guilty. The first legislature of the state enacted a statute requiring juries to assess punishment in every case in which a defendant pleaded guilty.[4] In 1879, the requirement of a jury on a plea of guilty was limited to felony cases.[5]

In 1930, the Supreme Court held in *Patton v. United States* that the Sixth Amendment was not violated by the waiver of trial by jury in a criminal case in the federal courts.[6] After that decision, the Texas legislature quickly enacted a statute to permit the waiver of jury trial.[7] The emergency clause of the act said it was justified "in order to reduce the expense of law enforcement and to hasten the disposition of felony cases wherein pleas of guilty are entered."

---

[3] WAYNE R. LAFAVE ET AL., CRIMINAL PROCEDURE § 21.4(f) (3d ed. 2000) (footnotes omitted).

[4] Act of April 30, 1846, 1st Leg. R.S., 1846 Tex. Gen. Laws 161, *reprinted in* H.P.N. GAMMELL, 2 THE LAWS OF TEXAS 1467.

[5] *See* TEX. CODE CRIM. PROC. art. 519 (1879).

[6] 281 U.S. 276.

[7] Act of April 9, 1931, 42nd Leg., R.S., ch. 43, 1931 Tex. Gen. Laws 65.

The 1931 statute also required that, when a jury is waived in a felony case, the State must introduce evidence showing the defendant's guilt.[8] This requirement now appears in Article 1.15 of the Code of Criminal Procedure, which reads:

> No person can be convicted of a felony except upon the verdict of a jury duly rendered and recorded, unless the defendant, upon entering a plea, has in open court in person waived his right of trial by jury in writing in accordance with Articles 1.13 and 1.14; provided, however, that it shall be necessary for the state to introduce evidence into the record showing the guilt of the defendant and said evidence shall be accepted by the court as the basis for its judgment and in no event shall a person charged be convicted upon his plea without sufficient evidence to support the same. The evidence may be stipulated if the defendant in such case consents in writing, in open court, to waive the appearance, confrontation, and cross-examination of witnesses, and further consents either to an oral stipulation of the evidence and testimony or to the introduction of testimony by affidavits, written statements of witnesses, and any other documentary evidence in support of the judgment of the court. Such waiver and consent must be approved by the court in writing, and be filed in the file of the papers of the cause.

The basis of the requirement, according to one member of this court, was that, "Obviously the legislature … did not want any man whom the state could not and did not prove guilty of the crime charged sent to the penitentiary upon his plea of guilty before a trial court."[9]

If that was what the legislature wanted in 1931, it must have changed its mind in 1965, when it revised the Code of Criminal Procedure. It added to the statute a provision that the evidence to support a guilty plea could be stipulated.[10] So the statutory protection was limited to that class of defendants who: (1) could not be proved guilty by the State, (2) would waive a trial by jury and plead guilty, but (3) would refuse to stipulate to the evidence.

---

[8] *Id.*

[9] *Braggs v. State*, 169 Tex. Crim. 405, 407, 374 S.W.3d 793, 794 (1960) (opinion of Davidson, J.).

[10] Code of Criminal Procedure Act, 59th Leg., R.S., ch. 722, § 1, art. 1.15, 1965 Tex. Gen. Laws vol. 2, p. 317, 322. *See generally Rodriguez v. State*, 422 S.W.2d 376, 379 (Tex. Cr. App. 1969) (opinion of Onion, J.).

In 1980, the Court encountered a case in which a defendant had waived trial by jury, pleaded guilty to burglary, and entered into a stipulation of evidence, but it was a stipulation to a different *kind* of burglary than the one for which he was being tried. This Court held that the following testimony of the defendant was sufficient to support the conviction:

Q You have gone over that indictment with me, have you not?

A Yes, sir.

Q We have read it?

A Yes, sir.

Q And is it true and correct?

A Yes, sir.[11]

Thus the Court of Criminal Appeals decided that, despite what the statute said, a defendant's judicial confession would be sufficient to meet the requirement that the State produce evidence of guilty when a trial by jury had been waived.

Since then, fifteen Legislatures have convened and adjourned without changing the requirement of evidence.

What interest is being served by the statutory requirement of evidence if it can be satisfied by a judicial confession?

Of course, it is the Legislature's prerogative to regulate this procedure by statute. The statute, as this court had construed it, now protects only defendants who: (1) could not be proved guilty by the State, (2) but would waive a trial by jury and plead guilty, (3) but would refuse to stipulate to the evidence, and (4) would refuse to judicially confess.

---

[11] *Dinnery v. State*, 593 S.W.2d 343, 352 (Tex. Cr. App. 1980).

I agree that in this case the State did not satisfy the statute (as this court has construed it), since the prosecutor failed to introduce real evidence or stipulated evidence, and even failed to ask the defendant to judicially confess.

Filed July 1, 2009.
Publish.