**Opinion issued June 26, 2014**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-14-00010-CR

_____

## EX PARTE LESLIE NEAL WILEY

---

**On Appeal from the County Criminal Court at Law No. 3**
**Harris County, Texas**
**Trial Court Case No. 1929135**

---

## MEMORANDUM OPINION

Appellant, Leslie Neal Wiley, appeals the denial of his pretrial application for writ of habeas corpus. According to his first amended application for the writ of habeas corpus, appellant was charged with the misdemeanor offense of driving while intoxicated and the case proceeded to trial, but the trial court granted a motion for mistrial he filed after the jury was selected and empaneled. Appellant

sought the writ of habeas corpus to "bar the State from any re-trial [of his case] on the grounds of double jeopardy." The trial court denied his application for the writ of habeas corpus on December 12, 2013. Appellant filed his notice of appeal on December 20, 2013.

The appellate record was due in this Court on January 6, 2014. *See* TEX. R. APP. P. 4.1(a), 31.1. Although the trial court clerk filed the clerk's record on January 3, 2014, appellant "has failed to file a reporter's record from the hearing on his application." *Blacklock v. State*, No. 14-01-00808-CR, 2001 WL 1249680, at *1 (Tex. App.—Houston [14th Dist.] Oct. 18, 2001, no pet.) (not designated for publication).

On January 7, 2014, the court reporter notified this Court that appellant had neither requested nor paid for the reporter's record. *See* TEX. R. APP. P. 31.1 (requiring reporter to prepare and certify record if requested by appellant); *see also* TEX. R. APP. P. 34.6(b)(1) (requiring appellant to request in writing that reporter prepare record), 35.3(b) (imposing duty on court reporter to prepare, certify, and file reporter's record if appellant requests and pays for record), 37.3(c) (authorizing appellate court to consider case without reporter's record if appellant fails to request or pay for record). On January 8, 2014, the Clerk of this Court notified appellant that the Court might consider this appeal without a reporter's record unless appellant caused the record to be filed, provided proof of having made

2

payment arrangements for the reporter's record, or provided proof that he was exempt from paying for the reporter's record by January 21, 2014.  *See* TEX. R. APP. P. 37.3(c).  Appellant failed to respond.

"In a habeas corpus proceeding, without a complete record, nothing is presented for review."  *Blacklock*, 2001 WL 1249680, at *1; *see Ex parte Henderson*, 565 S.W.2d 50, 51–52 (Tex. Crim. App. 1978) (holding that trial court's judgment in habeas corpus proceeding will be affirmed if appellant fails to request or pay, if appellant is able to do so, for reporter's record); *Ex parte Sims*, 565 S.W.2d 45, 49–50 (Tex. Crim. App. 1978) ("We hold . . . that in a habeas corpus proceeding the judgment will be affirmed absent a statement of facts or bills of exception where nothing has been presented for review."); *see also In re Mott*, 137 S.W.3d 870, 875 (Tex. App.—Houston [1st Dist.] 2004, orig. proceeding) ("In the absence of a reporter's record, the court considering a habeas corpus application will presume that there was evidence to support the trial court's judgment of contempt.").

Accordingly, we affirm the judgment of the trial court.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Higley and Brown.

Do not publish.  TEX. R. APP. P. 47.2(b).

3