Donald J. RUSHING, Appellant,

v.

The STATE of Texas, Appellee.

No. 44709.

Court of Criminal Appeals of Texas.

March 1, 1972.

Fred H. Dailey, Jr., Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Robert C. Bennett, Jr., Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This appeal is from a conviction for the offense of murder without malice; the punishment was assessed by the court at five years.

Appellant was represented by retained counsel at his trial and on appeal. At the trial, he, in the presence of his counsel, entered a plea of guilty before the court to the offense of murder without malice. Stipulation of the evidence and a judicial confession were filed and introduced. The court properly admonished appellant as to the consequences of his plea and heard evidence thereon, after which he found appellant guilty as charged.

First, appellant contends that his plea of guilty was made under duress, following threats of vigorous prosecution, and was based on plea bargaining.

These contentions are not developed in the record nor are they briefed on appeal. In any event, plea bargaining does not per se violate the rights of an accused. Williams v. State, Tex.Cr.App., 476 S.W.2d 674 (1972); Pangarakis v. State, Tex.Cr.App., 468 S.W.2d 79.

Next, appellant contends that the record does not reflect that his "waiver of a trial by a jury and the waiver of the confrontation of witnesses was intelligently, knowingly, freely and voluntarily made . . ."

The record reflects that appellant in person and in writing and in open court, waived his right of a trial by jury; that his counsel was present when this waiver was made; that he was duly and legally admonished as to the consequences of his plea and found to be sane and uninfluenced by any consideration of fear or persuasion or delusive hope of pardon; that he waived the appearance, confrontation and cross-examination of witnesses and consented to the stipulation of evidence, the introduction of testimony by affidavits, written statements of witnesses, and any other documentary evidence, and; that such waiver and consent was approved by the court in writing and filed in the papers of the cause before the plea of guilty was accepted. Hence, no error is shown.

The judgment is affirmed.