**Evodio SALAS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 44860.**

Court of Criminal Appeals of Texas.

April 26, 1972.

Rehearing Denied July 12, 1972.

Will Hadden, Odessa, for appellant.

John Green, Dist. Atty., and J. A. (Jim) Bobo, Asst. Dist. Atty., Odessa, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is the sale of heroin; the punishment, life.

Pedro Hernandez, Department of Public Safety undercover agent, testified that he purchased two grams of heroin from the appellant for $150.00.

■ Appellant's first ground of error is that he was unduly restricted in his cross-examination of the witness Hernandez. The record reflects that the court declined to require Hernandez to answer the following type of questions concerning his prior residences and activities:

"DEFENSE ATTORNEY: When did you go with the Department of Public Safety?

"WITNESS HERNANDEZ: May 6, 1969.

"DEFENSE ATTORNEY: May 6th.

"WITNESS HERNANDEZ: 1969.

"DEFENSE ATTORNEY: Now where did you live during this period . . .

"DISTRICT ATTORNEY: Judge, at this time the State will object to any place which the agent lives due to his safety and his family's safety. We do not want his home address brought up in this trial."

\*　\*　\*　\*　\*　\*

"DEFENSE ATTORNEY: After you got out of school what did you do.

"WITNESS HERNANDEZ: I worked . . .

"DISTRICT ATTORNEY: Excuse me, any place that the man worked, I keep bringing this up, this is due to safety and previous cases and where he is working now."

There was no particularized need developed for the disclosure of such information and under the holding of this Court in Baldwin v. State, 478 S.W.2d 476 (1972), the trial court did not err in declining to require the agent to divulge information which was not material to the case on trial.

■ Appellant next contends, without citation of authority, that the court erred in permitting the State to introduce "prison packets" [1] as proof of the two prior convictions through which they sought to impeach him when he testified in his own behalf during the guilt or innocence phase of the trial. He claims that once he admitted the convictions and there was no longer a question of identity involved, the only portion of the packets which should have been admitted were the judgments of conviction and the admission of the other material, including appellant's photo and fingerprints, only prejudiced him in front of the jury. We conclude that the fingerprints and the prison photo could add nothing injurious to appellant once it had been established that he was the person so convicted in the prior cases. Cf. Peterson v. State, Tex.Cr.App., 439 S.W.2d 841.

■ Appellant's third ground of error is that the trial court erred when he ruled "that if defense witness, Luisa Lujan took the stand and invoked the Fifth Amend-

1. Each packet included:
   (1) Judgment of conviction and sentence.
   (2) Certificate of authenticity from the record clerk of the Texas Department of Corrections.
   (3) Side and front picture of appellant.

(4) Appellant's fingerprints.

(5) Texas Department of Corrections' data sheet containing appellant's physical description.

ment, she could not testify further after giving her name and address." He claims she could have answered questions material to appellant's case without incriminating herself. The trial court made no such ruling. The record reflects that when the defense indicated it would call witness Lujan, who was present during the purported sale, the State announced that Lujan was under indictment and that if she took the stand and testified, her testimony would be used "to impeach her at her own trials." Moreover, the appellant did not call the witness Lujan in the absence of the jury and ascertain that she would, in fact, invoke the Fifth Amendment if called before the jury. No error has been shown.

■ Appellant's fourth contention relates to the jury argument. This ground of error is multifarious and, therefore, not in compliance with Article 40.09, Sec. 9, Vernon's Ann.C.C.P. Several different objections to a jury argument in the same ground of error cannot be considered on appeal. Sierra v. State, Tex.Cr.App., 476 S.W.2d 285; Rose v. State, Tex.Cr.App., 470 S.W.2d 198. We will, however, briefly discuss some portions of his contentions.

At the outset, we note the alleged improper remarks are, in many instances, misquoted from the record or taken entirely out of context. In other instances the court, upon objection, instructed the jury to disregard the remarks.

■ For example, the appellant claims that the prosecutor argued that the jury should "abide by the wishes of the community and convict this man." We have searched the record with care and, although we find that the prosecutor made a plea for law enforcement generally, we are unable to locate the argument appellant cites. On another occasion appellant asserts that the argument that appellant sold "fifty fixes" was outside the record. Hernandez testified that he bought two grams of heroin from appellant and that a gram of heroin yields about 25 doses. It follows that the argument was within the rec-

ord. We have further examined the argument and find it within permissible bounds.

Finding no reversible error, the judgment is affirmed.