William **WINKLE**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 45340.

Court of Criminal Appeals of Texas.

Dec. 13, 1972.

Rehearing Denied Jan. 24, 1973.

Malcolm Dade, Dallas, for appellant.

Henry Wade, Dist. Atty., Robert T. Baskett, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for the offense of rape. The court assessed the punishment at twelve years.

On the night of January 22, 1969, the prosecutrix, accompanied by her baby, was driving to a friend's house when appellant drove by in a car and forced her to stop. Appellant jumped out of his car and at gun point ordered her to come with him. Prosecutrix took her child and got in appellant's car. After driving around for approximately thirty minutes, appellant stopped the car and told the prosecutrix to get in the back seat and to take off her undergarments. While holding a gun on her baby,

appellant raped prosecutrix in the back seat. Then, prosecutrix got in the front seat, picked up her baby and directed her rapist to an address she falsely claimed as her own. At that time she was asked her name, address and telephone number. She replied with fictitious answers. After her rapist had written this information down on a cigar box she was allowed to leave the car with her baby. Prosecutrix then ran to her home which was about half a block away from the address to which she had directed appellant.

Appellant's sole contention is that his Sixth Amendment right of confrontation was denied when the trial court refused to allow him to cross-examine the prosecutrix as to her current address and place of employment.

He argues that in order to test the credibility of the prosecutrix he must have access to her current address and place of employment. The trial court refused to allow appellant to elicit this information due to the threat that had been made against her by the appellant immediately after the commission of the offense. The prosecutrix testified that when she was allowed to get out of the car appellant told her that if she called the police or told anybody about the event, "he would see that my family and I were killed." Appellant contends that this is not sufficient in light of the fact that no further threats were made toward prosecutrix or her family in the nine and one-half months since the offense. He argues that she had lived at her current address for approximately eight months prior to the trial and that unless he has her current address she cannot be placed in her proper environmental background so that the jury can properly interpret her testimony.

In Alford v. United States, 282 U.S. 687, 51 S.Ct. 218, 75 L.Ed. 624, a case relied upon by the appellant, the Supreme Court of the United States wrote:

"It is the essence of a fair trial that reasonable latitude be given the cross-

examiner, even though he is unable to state to the court what facts a reasonable cross-examination might develop. *Prejudice ensues from a denial of the opportunity to place the witness in his proper setting and put the weight of his testimony and his credibility to a test, without which the jury cannot fairly appraise them. . . .*" (emphasis supplied)

This same language was quoted in Smith v. Illinois, 390 U.S. 129, 88 S.Ct. 748, 19 L.Ed.2d 956, a more recent case where the issue was the relative credibility of the prosecution witness and the defendant. See United States v. Caldarazzo, 444 F.2d 1046 (7th Cir. 1971), and United States v. Palermo, 410 F.2d 468 (7th Cir. 1969).

In the instant case, the appellant had the prosecutrix's address where she lived at the time of the offense, a time when her credibility would be in question on the outcry. Her summation of events had not changed significantly since the initial outcry thus the proper environmental background against which her credibility should be tested in this case was her former address, already known to appellant.

The scope of cross-examination is within the control of the trial judge in the exercise of his sound discretion. 62 Tex.Jur.2d, Witnesses, Section 861. Here the record reflects that a threat was made against the prosecutrix. At a hearing outside the presence and hearing of the jury the following questions were asked prosecutrix by defense counsel:

"Q. Now, you say your address was 3414 Cronk Lane at the time of this alleged offense?

"A. Yes.

"Q. How long had you lived there, please?

"A. A year.

"Q. Did you live there with your husband for the year?

"A. Yes.

"Q. Who were you buying the house— were you buying the house, renting it or what?

"A. Buying.

"Q. Buying?

"A. Yes.

"Q. Do you still live there?

"A. No.

"Q. Where do you live now?

"MR. MAYS: I object, * * *. The address that she lives now is of no moment to this court, and we strenuously object to it due to the nature of this case and the testimony, the sworn testimony of this complainant that this defendant over here threatened her life, and we object to it."

The prosecutor's objection was sustained and the judge instructed appellant's counsel that he could inquire only as to the area of Dallas in which she now lived. The court properly limited the answer because her answer might have endangered the witness or her family. See Watson v. State, Tex.Cr.App., 488 S.W.2d 816 (1972).

Absent a showing of a particularized need, the trial court did not err in declining to require the prosecutrix to divulge information concerning her new address and place of employment. See Salas v. State, Tex.Cr.App., 481 S.W.2d 825; Baldwin v. State, Tex.Cr.App., 478 S.W.2d 476.

No reversible error being shown, the judgment is affirmed.