**Bilivard Joe SATTERWHITE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 46451.**

Court of Criminal Appeals of Texas.

Sept. 25, 1973.

Rehearing Denied Oct. 17, 1973.

Bill Pemberton and Pat Winters, Greenville, for appellant.

Larry Miller, Dist. Atty., Greenville, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

GREEN, Commissioner.

This appeal is from a conviction of rape by force. Punishment was assessed at twelve years.

Appellant's first ground of error complains that the evidence is insufficient to sustain the conviction "because of failure to show penetration." A brief statement of the evidence is called for.

On June 9, 1971, prosecutrix and two male companions, all being recent college graduates about 22 years of age, were in Hot Springs, Arkansas, seeking a ride to Texas. Appellant offered to allow them to ride with him in his truck and trailer, which offer they accepted. After some hours of riding in the truck, appellant stopped along the highway about midnight while in Hunt County. He then drew a pistol, and ordered the two men into the trailer, where he locked them up. Appellant by displaying the pistol and threatening prosecutrix with it, and putting her in fear of her life, ordered her into the sleeper part of the truck, where he proceeded to rape her. Thereafter he released her and the two young men, and drove off, leaving them alongside the road. They obtained the license numbers of the truck and the trailer, and got in contact with local law enforcement officials. Appellant was shortly thereafter apprehended in Corpus Christi through the license numbers and the description of the truck. No question of identity is raised by appellant. He did not testify.

Prosecutrix testified, both on direct and cross-examination, that appellant placed his male organ into her private parts, and that he penetrated her, and had sexual intercourse with her. The evidence was sufficient to sustain the conviction. Appellant's first ground of error is overruled.

By his second ground of error, appellant contends that he was denied his constitutionally guaranteed right of confrontation and cross-examination of the prosecutrix in that his attorney was forbidden by the court to cross-examine the prosecutrix concerning her "background in and around the city of Corpus Christi, Texas, the home of the Defendant."

After the State had finished its direct examination of prosecutrix, and before cross-examination had commenced, the State asked for a hearing out of the presence of the appellant and the jury. It was announced that prosecutrix was afraid for her safety, and the hearing was had to let the judge determine whether the defense could cross-examine concerning where she lived, where she presently lives; "or anything along those lines . . ." Appellant made no objection to this procedure. Defense counsel stated to the court that he was not interested in knowing where prosecutrix lived now (he was told her residence was Houston) and he then proceeded to question her at length without any limitation being imposed by the court concerning her place of birth, her residence in Corpus Christi since the age of eleven, her schooling, her employment, and all other subjects about which counsel felt like questioning her. She testified she had never known appellant in Corpus Christi, and that she had never had any connection with any trucking firm. She testified that she is now (at the time of the trial) fearful of appellant, and did not want him to know her parents' address. After appellant's counsel had announced that he pass-

ed the witness, the court made the following ruling and the appellant took the following exception:

"THE COURT: It is the finding of the Court after this examination of this witness by the counsel for the Defense outside the presence and hearing of the jury that her background in Corpus Christi be limited to probative value to this case and until such time by the evidence that it is raised making this issue of where she was raised becomes probative and some benefit to the jury, counsel for Defendant is instructed not to mention or allude to it until such time he has approached the bench and shown the Court what he considers to be—shows the Court where evidence has been raised that would make this probative and some value to the jury.

"MR. PEMBERTON: Let me get my exception in the record, Your Honor.

"THE COURT: Yes.

"MR. PEMBERTON: The Defendant excepts to the ruling of the Court for the reason that he feels this is a direct restriction upon his rights to Cross Examine the witness and would deprive him of his right to complete confrontation and Cross Examine his witnesses and would violate his Constitutional Rights guaranteed him under the sixty (sic) and fourteenth amendments of the United States."

◼ It is to be noted that appellant's bill of exception is not addressed to the fact that the hearing was had in the absence of appellant. As heretofore stated, appellant did not object to that, and readily agreed to go forward with the hearing. In so doing, he waived his right of confrontation by the witness at this hearing before the court. Rushing v. State, Tex.Cr.App., 476 S.W.2d 675; Hernandez v. State, Tex.Cr. App., 378 S.W.2d 311; Salas v. State Tex.Cr.App., 385 S.W.2d 859; Field v. State, 155 Tex.Cr.R. 137, 232 S.W.2d 717. The bill is directed to the ruling of the

court, above stated, limiting testimony of her background in Corpus Christi to evidence having probative value in this case. If counsel considered that he had such relevant testimony on this subject, he was instructed to approach the bench and so advise the court. The court indicated that at any time appellant could show such an inquiry would be of probative value the court would reconsider its earlier ruling.

Appellant did not contend further before the trial court, and does not now contend, that anything in connection with her life in Corpus Christi had any probative value on any of the issues in this case. At no further point in the trial did counsel approach the bench with any type of request that he be allowed to cross-examine prosecutrix as to her background in Corpus Christi, or as to any other evidence he considered to have probative value.

◼ We have considered the testimony of prosecutrix given at the above mentioned hearing, and find nothing therein of particular relevance to the issues in this case. If appellant had considered any of the evidence material to his defense, the court gave him the opportunity to point out such evidence. The court did not deprive him of his right of confrontation and cross-examination of the witness concerning any relevant evidence. No harm to appellant resulting from the court's ruling is shown.

Appellant in a supplementary brief cites the Supreme Court cases of Alford v. United States, 282 U.S. 687, 51 S.Ct. 218, 75 L.Ed. 624, and Smith v. Illinois, 390 U. S. 129, 88 S.Ct. 748, 19 L.Ed.2d 956, for the proposition that "inquiry by a defense counsel on cross-examination of a prosecuting witness concerning the present place of residence of the witness is an essential step in identifying the witness with his environment that must be constitutionally permitted." These two decisions are discussed by this Court in Watson v. State, Tex.Cr.App., 488 S.W.2d 816, and in Winkle v. State, Tex.Cr.App., 488 S.W.2d 798

and held inapplicable to the facts in each of these last two cases.

In the instant case, appellant's counsel during the hearing expressly stated: "I don't care about where she lives now." The court did not deprive him of his right to inquire about that subject.

■ The scope of cross-examination is within the control of the trial judge in the exercise of his sound discretion. Watson v. State, supra, citing 62 Tex.Jur.2d, Witnesses, Sec. 861. Absent a showing of a particularized need, the trial court did not err in his ruling limiting the evidence of prosecutrix' background in Corpus Christi to testimony which was relevant and which had probative value. *Watson,* supra; *Winkle,* supra.

Appellant's second ground of error is overruled.

Appellant, in his third ground of error, complains of a part of the jury argument of the prosecuting attorney as being a comment on the appellant's failure to testify.

During his closing argument to the jury, the following statements of the State's attorney, objection of appellant's counsel, and ruling of the court are shown by the record:

MR. MILLER (State's attorney), in speaking of the gun, not an exhibit in evidence:

"Where is that gun? I suggest to you there's another piece of physical evidence, the piece of evidence that was used in the perpetration of that crime, and only this man has that piece of evidence and it's not before you today. We can't bring it before you.

"MR. PEMBERTON: Now, Your Honor, I'm going to object to that statement. It's a comment on the Defendant's failure to testify. We'd request the jury be instructed not to consider that remark for any purpose, Your Honor.

"THE COURT: Yes, Ladies and gentlemen, don't consider that. Sustain the objection.

"MR. PEMBERTON: Thank you, Your Honor."

■ We do not need to pass upon the question whether or not the argument was improper under the circumstances. The trial court sustained appellant's objection, and instructed the jury not to consider the argument. Appellant's counsel thanked the court for its ruling, and seemed satisfied. He did not ask for a mistrial. Appellant received all the relief he requested. No reversible error is shown. Mendoza v. State, Tex.Cr.App., 492 S.W.2d 489; Haywood v. State, Tex.Cr.App., 482 S.W.2d 855; Alvarez v. State, Tex.Cr.App., 478 S.W.2d 450; Alexander v. State, Tex.Cr. App., 479 S.W.2d 44; Heartfield v. State, Tex.Cr.App., 470 S.W.2d 895.

Appellant's ground of error number three is overruled.

Appellant's fourth ground of error complains of alleged improper jury argument at the punishment stage of the trial, when the prosecuting attorney told the jury that appellant was a "convicted felon."

At the punishment phase, the State placed in evidence State's Exhibit 1, a judgment and sentence, dated September 23, 1966, of the United States District Court for the El Paso Division of the Western District of Texas. This exhibit, to the introduction of which there was no objection, reflected that appellant had been convicted in that court of conspiracy to embezzle government property, and was sentenced to two years, suspended, with appellant being placed on supervisory probation. This judgment and sentence was, without objection, read to the jury by the State's attorney.

■ This was admitted as a part of appellant's prior criminal record under the provisions of Art. 37.07, Vernon's Ann.C. C.P. Hence, the contention of appellant

that the remarks of State's attorney were outside of the record is without merit. The fourth ground of error is overruled.

The judgment is affirmed.

Opinion approved by the Court.