TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-98-00382-CR






Dennis Oville, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT


NO. 0974657, HONORABLE JON N. WISSER, JUDGE PRESIDING






 A jury found appellant Dennis Oville guilty of aggravated robbery with a deadly
weapon and assessed punishment at imprisonment for fifteen years and a $3000 fine. See Tex.
Penal Code Ann. §§ 29.02, 29.03(a)(2) (West 1994). The district court rendered judgment
consistent with the jury's verdict. Appellant contends that the district court erred by prohibiting
him from cross-examining two witnesses as to intent. We will affirm.

 Terry Aultman and Mark Heredia shared an apartment in South Austin. On June
12, 1997, around 9:00 p.m., Aultman and his girlfriend, Linda Cano, retired to his bedroom. 
They were awakened around 10:50 p.m. by Heredia, who told them that a group of unknown
persons were knocking at the door. When the knocking stopped and neither Aultman nor Heredia
could see anyone from their window, Altman and Cano returned to bed.

 A few moments later, four men forced their way into the apartment. Two of the
men, later identified as appellant and James Kellough, kicked open the door to Aultman's
bedroom. Aultman and Cano testified that appellant had a knife and Kellough had a gun. Cano
called 911, but dropped the phone when Kellough told her to do so. Kellough then ordered
Aultman out of the bedroom and onto the floor. He and appellant asked Aultman where the money
was, but Aultman testified that he had no money to give them.

 At some point Cano was told to leave Aultman's bedroom. When she entered the
dining area, she saw two more intruders. One of the men, who was later identified as Joseph
Gaines, was described by Cano as muscular and shirtless. The other, Martin Bradshaw, was
described as young and dressed in baggy shorts.

 Kellough and appellant then went into Heredia's bedroom. Kellough found Heredia
hiding in the closet. Kellough pointed a gun in Heredia's face, ordered him to his knees, kicked
him in the face, and began tearing his bedroom apart. Heredia testified that Kellough repeatedly
asked him, "Where's your money?" Heredia responded, "I don't have it. I don't have it." 
Kellough eventually took some money that was scattered around the room, including a $50 bill,
and also grabbed a cellular phone and Rolex watch.

 Outside Heredia's bedroom Bradshaw yelled, "Let's just kill these motherf-----s!" 
Then another intruder said, "We've been here too long." At that point, all four men left the
apartment through the front door. Police officers subsequently stopped four men at a convenience
store down the street from the apartment. Aultman, Heredia, and Cano went to the convenience
store and identified the four men as the four intruders who broke into the apartment.

 In two points of error, appellant contends that the district court erred in limiting his
cross-examination of Cano and Heredia regarding (1) Aultman's and Heredia's drug usage and
drug dealing, and (2) Heredia's connection with a known felon. Appellant argues that this
questioning was relevant and crucial to his defense--that he did not intend to commit an
aggravated robbery, but intended only to recover money owed him by Aultman and Heredia from
a drug deal.

 "The Sixth Amendment protects the defendant's right not only to confront the
witnesses against him, but to cross-examine them as well." Hoyos v. State, 951 S.W.2d 503, 506
(Tex. App.--Houston [14th Dist.] 1997, no pet.) (citing Davis v. Alaska, 415 U.S. 308, 316
(1974)). However, the extent of cross-examination is not unlimited. The scope of cross-examination is within the control of the trial court, who is given wide latitude to impose reasonable
limits on cross-examination. Delaware v. Van Arsdall, 475 U.S. 673, 678 (1986); Satterwhite v.
State, 499 S.W.2d 314, 317 (Tex. Crim. App. 1973). The trial court must consider the probative
value of the evidence and weigh it against the risks of admission, including "the possibility of
undue prejudice, embarrassment or harassment to either a witness or a party, the possibility of
misleading or confusing a jury, and the possibility of undue delay or waste of time." Hodge v.
State, 631 S.W.2d 754, 758 (Tex. Crim. App. 1982). The trial court's determination is not
reversible unless the appellant shows a clear abuse of discretion. See Chambers v. State, 866
S.W.2d 9, 27 (Tex. Crim. App. 1993), cert. denied, 511 U.S. 1100 (1994); Johnson v. State, 698
S.W.2d 154, 160 (Tex. Crim. App. 1985), cert. denied, 479 U.S. 871 (1986).

 The district court concluded that evidence regarding Aultman's and Heredia's drug
use and drug dealing, as well as Heredia's connection with a known felon, was not relevant. 
Evidence is relevant only if it has a tendency to make the existence of a fact or consequence more
or less probable than it would be without the evidence. See Tex. R. Evid. 401. It is no
justification for robbery that the victims were users or dealers of drugs, or that they owed money
to the robber for drugs. The taking of Aultman's and Heredia's property at knife point was still
aggravated robbery, even assuming their possession of the property was unlawful. See Tex. Penal
Code Ann. § 1.07(a)(35) (West 1994) (defining "owner").

 Moreover, even if the subject of the proposed cross-examination had some
relevance to appellant's defense, the district court could reasonably conclude that this relevance
was substantially outweighed by the danger of unfair prejudice to the complainants, confusion of
the issues, or misleading to the jury. See Tex. R. Evid. 403. Therefore, we conclude that the
district court did not abuse his discretion by prohibiting the proposed cross-examination regarding
Aultman's and Heredia's drug use and drug dealing, as well as Heredia's connections with a
known felon. The points of error are overruled.

 The judgment of conviction is affirmed.



 _____________________________________________

 Lee Yeakel, Justice

Before Justices Jones, B. A. Smith and Yeakel

Affirmed

Filed: May 13, 1999

Do Not Publish



d in baggy shorts.

 Kellough and appellant then went into Heredia's bedroom. Kellough found Heredia
hiding in the closet. Kellough pointed a gun in Heredia's face, ordered him to his knees, kicked
him in the face, and began tearing his bedroom apart. Heredia testified that Kellough repeatedly
asked him, "Where's your money?" Heredia responded, "I don't have it. I don't have it." 
Kellough eventually took some money that was scattered around the room, including a $50 bill,
and also grabbed a cellular phone and Rolex watch.

 Outside Heredia's bedroom Bradshaw yelled, "Let's just kill these motherf-----s!" 
Then another intruder said, "We've been here too long." At that point, all four men left the
apartment through the front door. Police officers subsequently stopped four men at a convenience
store down the street from the apartment. Aultman, Heredia, and Cano went to the convenience
store and identified the four men as the four intruders who broke into the apartment.

 In two points of error, appellant contends that the district court erred in limiting his
cross-examination of Cano and Heredia regarding (1) Aultman's and Heredia's drug usage and
drug dealing, and (2) Heredia's connection with a known felon. Appellant argues that this
questioning was relevant and crucial to his defense--that he did not intend to commit an
aggravated robbery, but intended only to recover money owed him by Aultman and Heredia from
a drug deal.

 "The Sixth Amendment protects the defendant's right not only to confront the
witnesses against him, but to cross-examine them as well." Hoyo