NO.
12-06-00209-CR

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

WILLIE
LEE CHISOM,       §                      APPEAL FROM THE EIGHTH

APPELLANT

 

V.        §                      JUDICIAL
DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE   §                      RAINS COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM
OPINION

            Willie
Lee Chisom appeals his convictions for aggravated sexual assault.  In two issues, Appellant argues that the
evidence was factually insufficient.  We
affirm.

 

Background

            Appellant was L.S.’s
stepfather.  According to the evidence,
he sexually assaulted her when she was a young girl.  She reported the assault as a teenager after
a relative found a journal entry she had written saying that Appellant “raped
her every chance he got” when she was six or seven years old.  A Rains County grand jury indicted Appellant
for three counts of aggravated sexual assault. 
Appellant pleaded not guilty, and a jury trial was held.  The jury found him guilty and assessed
punishment at ninety–nine years of imprisonment and a fine of $10,000 on each
count.  This appeal followed.

 

Sufficiency of the Evidence








            In two issues, Appellant argues that
the evidence was factually insufficient to support the conviction.  Specifically, Appellant argues that the
complaining witness lacked credibility and gave testimony that was inconsistent
with an account of the assaults given prior to trial.

Standard
of Review

            We review the factual
sufficiency of the evidence to determine whether, considering all the evidence
in a neutral light, the evidence supporting the conviction is too weak to
withstand scrutiny or the great weight and preponderance of the evidence
contradicts the jury’s verdict to the extent that the verdict is clearly wrong
and manifestly unjust.  See Watson
v. State, 204 S.W.3d 404, 414–15, 417 (Tex. Crim. App. 2006).  In doing so, we must first assume that the
evidence is legally sufficient under the Jackson v. Virginia[1]
standard.  See Clewis v. State,
922 S.W.2d 126, 134 (Tex. Crim. App. 1996). 
We then consider all of the evidence that tends to prove the existence
of the elemental fact in dispute and compare it to the evidence that tends to
disprove that fact.  See Santellan
v. State, 939 S.W.2d 155, 164 (Tex. Crim. App. 1997).[2]  

            Our role is that of
appellate review, and the fact finder is the judge of the weight and
credibility of a witness’s testimony. 
Wesbrook v. State, 29 S.W.3d 103, 111–12 (Tex. Crim. App.
2000).  The fact finder may choose to
believe all, some, or none of a witness’s testimony.  Sharp v. State, 707 S.W.2d 611,
614 (Tex. Crim. App. 1986).  When we
review the factual sufficiency of the evidence, we are authorized to disagree
with the jury’s determination, even if probative evidence exists that supports
the verdict.  See Clewis, 922
S.W.2d at 133.  But our evaluation should
not substantially intrude upon the jury’s role as the judge of the weight and
credibility of witness testimony.  See
Santellan, 939 S.W.2d at 164.

            As charged in the
indictment, the State was required to prove that the complaining witness was a
child under the age of fourteen, and not Appellant’s spouse, and that Appellant
intentionally or knowingly caused the sexual organ of the child to touch his
sexual organ (count one) or caused the penetration of the child’s sexual organ
with his finger (counts two and three).[3]  See Tex.
Penal Code Ann. § 22.021(b)(i), (b)(iii) (Vernon 2006). 

Analysis

            Appellant argues that
the complaining witness lacked credibility and that her testimony was
inconsistent with an account of the assaults that she gave to an interviewer
prior to trial.  After reviewing the
evidence carefully, we cannot accept either that the complaining witness’s
testimony was directly contradicted by the testimony of the interviewer or that
the witness generally lacked credibility. 
Although one of her sisters witnessed part of what could have been one
of the assaults, the complaining witness’s uncorroborated testimony is
sufficient to support a conviction for sexual assault.  See Tex.
Code Crim. Proc. Ann. art. 38.07(b)(1) (Vernon 2006); Satterwhite
v. State, 499 S.W.2d 314, 315 (Tex. Crim. App. 1973); Jensen v.
State, 66 S.W.3d 528, 534 (Tex. App.–Houston [14th Dist.] 2002, pet.
ref’d).  Furthermore, our review of the
factual sufficiency of the evidence must not substantially intrude upon the
jury’s role as the sole judge of the weight and credibility of witness
testimony.  See Santellan, 939
S.W.2d at 164.  Where there is
conflicting evidence, the jury’s verdict on such matters is generally regarded
as conclusive.  See Van Zandt v.
State, 932 S.W.2d 88, 96 (Tex. App.–El Paso 1996, pet. ref’d).  

            Reasonable minds could
differ as to whether the complaining witness’s description of events to the
interviewer conflicts with her trial testimony. 
It is true, as Appellant points out, that the number of assaults, and
the precise descriptions of them, vary in minute areas.  On the other hand, as the State points out,
its expert witnesses explained the difficulties young children, or older
children remembering what happened to them as young children, have describing
the exact sequence of events or the number of events.  The principal inconsistencies brought forward
by Appellant are 1) the complaining witness’s testimony that she was assaulted
three to four times per week and her telling the interviewer that it happened
five times a year for several years and 2) her statement to the interviewer
that Appellant penetrated her vagina with his sexual organ and her testimony
that he did not.  

            These are slightly
different accounts, but the jury saw the videotaped interview and observed the
complaining witness as she testified. 
They also heard Appellant’s testimony. 
The jury was in the best position to evaluate the credibility of the
witnesses.  The State’s witnesses
explained a possible reason for the difference relating to the number of
alleged assaults.  And the complaining
witness explained what she meant by the penetration of her vagina.  She explained that she had thought Appellant
had penetrated her vagina.  She testified
that she came to understand that Appellant had tried to penetrate her vagina,
but was unable to put his penis fully inside her, as she testified, “because I
was a little girl.”

            As charged in the
indictment, the State was required to prove in count one only that Appellant
touched the girl’s sexual organ with his own, not that he penetrated her
vagina.  It was the task of the jury to resolve
any conflicts in the evidence.  Their
resolution of the factual issues in this case was reasonable.  Our review of the evidence does not show that
the evidence is too weak to support the verdict standing alone or that the
evidence is outweighed by contrary proof. 
We overrule Appellant’s two issues. 


Disposition

            We affirm the
judgment of the trial court.

 

                                                                                                    SAM GRIFFITH   

                                                                                                               Justice

 

 

Opinion delivered July 31, 2007.

Panel consisted of
Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

(DO
NOT PUBLISH)











[1] Jackson v. Virginia, 443 U.S. 307, 99 S. Ct. 2781, 61 L.
Ed. 2d 560 (1979).





[2] Citing Zuniga v.
State, 144 S.W.3d 477, 484 (Tex. Crim. App. 2004), Appellant argues
that evidence can be factually insufficient even if the evidence preponderates
in favor of conviction.  To the extent
that this was ever the law, the court of criminal appeals has expressly
disavowed it.  See Watson v.
State, 204 S.W.3d 404, 417 (Tex. Crim. App. 2006) (“Any holding that a
criminal appellate court can reverse and remand for a new trial even when the
evidence ‘preponderates’ in favor of a conviction is inconsistent with that
historically required high level of skepticism. 
We therefore disavow such language in Zuniga and reiterate
that it is not enough that the appellate court harbor a subjective level of
reasonable doubt to overturn a conviction that is founded on legally sufficient
evidence.”) (footnote omitted).

 

 





[3] The indictment alleged two different instances of Appellant’s
penetrating the child’s sexual organ with his finger.