NO.
12-06–00394-CR

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

JAMES
CLAYTON ENGLAND,     §                      APPEAL FROM THE 241ST

APPELLANT

 

V.        §                      JUDICIAL
DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE   §                      SMITH COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM
OPINION

            James
Clayton England appeals his conviction for aggravated sexual assault.  In three issues, Appellant argues that the
evidence was legally and factually insufficient and that the trial court erred
in admitting evidence of extraneous misconduct. 
We affirm.

 

Background

            According to the evidence, Appellant
sexually assaulted his daughter when she was a young girl.  A Smith County grand jury indicted Appellant
for one count of aggravated sexual assault. 
Appellant pleaded not guilty, and a jury trial was held.  The jury found him guilty and assessed
punishment at life imprisonment and a fine of $10,000.  This appeal followed.

 

Sufficiency of the Evidence








            In his first and second issues,
Appellant argues that the evidence was legally and factually insufficient to
support the conviction.  Specifically,
Appellant argues that the evidence was legally insufficient to prove that he
penetrated the complaining witness’s sexual organ or mouth with his own sexual
organ.  Further, he argues that the
evidence is factually insufficient because the complaining witness lacked
credibility and gave testimony that was inconsistent with her pretrial
statements.  

Standards
of Review

            The due process guarantee of the
Fourteenth Amendment requires that a conviction be supported by legally
sufficient evidence.  See Jackson
v. Virginia, 443 U.S. 307, 315–16, 99 S. Ct. 2781, 2786–87, 61 L. Ed.
2d 560 (1979); Ross v. State, 133 S.W.3d 618, 620 (Tex. Crim.
App. 2004); Willis v. State, 192 S.W.3d 585, 592 (Tex. App.–Tyler
2006, pet. ref’d).  Evidence is not
legally sufficient if, when viewing the evidence in a light most favorable to
the verdict, we conclude that no rational trier of fact could have found the
essential elements of the offense beyond a reasonable doubt.  See Jackson, 443 U.S. at 319,
99 S. Ct. at 2789; see also Johnson v. State, 871 S.W.2d 183, 186
(Tex. Crim. App. 1993).

            While legal sufficiency
review is all that is required by the U.S. Constitution, the Texas Court of
Criminal Appeals has determined that the Texas Constitution requires review of
the factual sufficiency of the evidence. 
Clewis v. State, 922 S.W.2d 126, 129–30 (Tex. Crim. App.
1996).  We review the factual sufficiency
of the evidence to determine whether, considering all the evidence in a neutral
light, the evidence supporting the conviction is too weak to withstand scrutiny
or the great weight and preponderance of the evidence contradicts the jury’s
verdict to the extent that the verdict is clearly wrong and manifestly
unjust.  See Watson v. State,
204 S.W.3d 404, 414–15, 417 (Tex. Crim. App. 2006).  In doing so, we must first assume that the
evidence is legally sufficient under the Jackson v. Virginia standard.  See Clewis, 922 S.W.2d at
134.  We then consider all of the
evidence that tends to prove the existence of the elemental fact in dispute and
compare it to the evidence that tends to disprove that fact.  See Santellan v. State,
939 S.W.2d 155, 164 (Tex. Crim. App. 1997).          Our
role is that of appellate review, and the fact finder is the judge of the
weight and credibility of a witness’s testimony.  Wesbrook v. State, 29 S.W.3d 103, 111–12
(Tex. Crim. App. 2000).  The fact finder
may choose to believe all, some, or none of a witness’s testimony.  Sharp v. State, 707 S.W.2d 611,
614 (Tex. Crim. App. 1986).  When we
review the factual sufficiency of the evidence, we are authorized to disagree
with the jury’s determination, even if probative evidence exists that supports
the verdict.  See Clewis,
922 S.W.2d at 133.  But our evaluation
should not substantially intrude upon the jury’s role as the judge of the
weight and credibility of witness testimony. 
See Santellan, 939 S.W.2d at 164. 

Analysis

            Appellant’s argument
about the legal sufficiency of the evidence addresses the offense as charged in
the original indictment.  In the original
indictment, the grand jury alleged that the complaining witness was a child
younger than fourteen years of age, that Appellant caused the penetration of
her sexual organ with his hands or fingers, and that he caused the penetration
of her mouth with his sexual organ.  This
indictment alleged the elements of aggravated sexual assault.  See Tex.
Penal Code Ann. § 22.021(a)(1)(B)(i),(ii), (a)(2)(B) (Vernon
Supp. 2007).  

            However, the indictment
was amended prior to trial.  The amended
indictment, which was read to the jury at the beginning of the trial and
included in the jury charge, alleged that Appellant caused his sexual organ to
contact or penetrate the child’s mouth.[1]  Either act is an aggravated sexual assault
when perpetrated on a child.  See Tex. Penal Code Ann. §
22.021(a)(1)(B)(ii), (v), (a)(2)(B).  

            The complaining witness
testified that Appellant touched his sexual organ to her mouth.[2]  Her uncorroborated testimony is sufficient to
support a conviction for sexual assault. 
 See Tex. Code Crim. Proc. Ann. art.
38.07(a), (b)(1) (Vernon 2006); Satterwhite v. State, 499 S.W.2d
314, 315 (Tex. Crim. App. 1973); Jensen v. State, 66 S.W.3d 528,
534 (Tex. App.–Houston [14th Dist.] 2002, pet. ref’d).  Appellant does not challenge the legal
sufficiency of the evidence to support the remaining elements of the
offense.  Viewing the evidence in a light
most favorable to the verdict, we conclude that a rational trier of fact could
have found the essential elements of the offense, including that Appellant
caused his sexual organ to contact the mouth of the complaining witness, beyond
a reasonable doubt.  We overrule
Appellant’s first issue. 

            With respect to the
factual sufficiency of the evidence, Appellant argues that the complaining
witness’s testimony “appears so unreliable and inconsistent that it should not
suffice to support the

verdict reached by the jury.” 
After reviewing the evidence carefully, we cannot agree.  Our review of the factual sufficiency of the
evidence must not substantially intrude upon the jury’s role as the sole judge
of the weight and credibility of witness testimony.  See Santellan, 939 S.W.2d at
164.  Where there is conflicting
evidence, the jury’s verdict on such matters is generally regarded as
conclusive.  See Van Zandt v. State,
932 S.W.2d 88, 96 (Tex. App.–El Paso 1996, pet. ref’d).  

            Appellant has identified
some areas where the evidence may conflict. 
The complaining witness told an investigator that an assault did not
occur, but reported the assault after she had been removed from Appellant’s
home for several months.  One caregiver
noticed the child acting out sexually, evidence that the child may have been
assaulted, while another did not.  And
there was no physical evidence of the assault. 
The State offered expert testimony explaining some of the reasons
children delay reports of sexual assault, and the nurse who examined the child
testified that the kind of assaults the child alleged—touching of a sexual
organ to the child’s mouth—would not be detected by a physical examination of
the child. 

            It was the task of the
jury to resolve any conflicts in the evidence. 
The conflicts here are not particularly grave, nor are they difficult to
reconcile with the verdict.  This question
turns on the credibility of the complaining witness and whether the jury
believed her.  The jury’s resolution of
the factual issues in this case was reasonable, and we generally defer to the
jury on these kinds of factual and credibility issues.  Viewing the evidence as a whole, and without
the light most favorable to the verdict, we cannot conclude that the evidence
is too weak to support the verdict standing alone or that the evidence is
outweighed by contrary proof.  We
overrule Appellant’s second issue.

 

Preservation of
Complaint

            In his third issue,
Appellant argues that the trial court erred when it allowed testimony about his
assaults on the complaining witness’s siblings and the children’s living
conditions to be admitted as extraneous evidence.  The State responds that this complaint is not
preserved for our review.  We agree.

            To preserve a complaint
for appeal, a defendant must object, state the grounds for the objection with
sufficient specificity, and obtain an adverse ruling.  Tex. R. App. P. 33.1
(a)(1)(A); Wilson v. State, 71 S.W.3d 346, 349 (Tex. Crim. App.
2002).  A ruling on a motion in limine
does not preserve a complaint.  Roberts
v. State, 220 S.W.3d 521, 533 (Tex. Crim. App. 2007); Martinez v.
State, 98 S.W.3d 189, 193 (Tex. Crim. App. 2003).  

            Before trial, the State
sought to lift a previously granted motion in limine barring introduction of
extraneous evidence about alleged sexual assaults by Appellant on the
complaining witness’s sisters and about the conditions of the home in which the
children lived.  The State argued that
this evidence was admissible as Rule of Evidence 404(b) evidence and as
contextual evidence.  Appellant’s counsel
objected.  The trial court lifted the
limine order.  This evidence formed a large
part of the State’s case, but Appellant’s counsel did not object to the
evidence when it was offered.[3] 
Because there was not a contemporaneous objection, this complaint is not
preserved for our review.  We overrule
Appellant’s third issue.

 

Disposition

            We affirm the
judgment of the trial court.

 

                                                                                                    BRIAN HOYLE   

                                                                                                               Justice

Opinion delivered December 21, 2007.

Panel consisted of
Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

(DO NOT PUBLISH)











[1] The amended indictment was not originally included in the record of
this case.  At the State’s request, the
clerk supplemented the record with the amended indictment.  





[2] Appellant concedes there is “some evidence that he cause[ed] his
sexual organ to touch her mouth. . . .”





[3] Appellant has not identified any objection that was raised to this
evidence other than resisting the lifting of the motion in limine.  We have identified one objection to one of
the sibling’s out of court statements about an assault.  Appellant’s counsel objected on the grounds
that it was hearsay, not that it was inadmissible extraneous information.  The trial court asked if there were other
objections.  Counsel said there were not,
and the trial court overruled the hearsay objection.  Even if the trial court erred in allowing the
hearsay statements, any error is harmless because Appellant did not object when
another witness testified about the same statements.  See Saldano v. State,
232 S.W.3d 77, 102 (Tex. Crim. App. 2007).