# NO. 12-12-00409-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *ALBERT CHARLES HALEY,* *APPELLANT* | § | *APPEAL FROM THE 217TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *ANGELINA COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Albert Charles Haley appeals his convictions for two counts of sexual assault of a child, for which the jury assessed two life sentences and two $10,000 fines. Appellant raises two issues challenging the legal sufficiency of the evidence supporting the convictions. We affirm.

### BACKGROUND

Appellant was charged by indictment with two counts of sexual assault of his then fourteen-year-old granddaughter Jane Doe (a pseudonym) and pleaded "not guilty" to both counts. The matter proceeded to a jury trial.

At trial, Jane Doe testified that one night while Appellant was babysitting, he repeatedly asked her to drink beer and smoke a substance from a pipe until she gave in. Jane Doe testified that while she was intoxicated, Appellant removed her pants and repeatedly penetrated her vagina with his tongue and penis. She stated that he warned her not to tell anyone because he could go to jail for a long time.

Jane Doe's sister testified that Jane Doe told her about the assault the next day but told her not to tell anyone. Jane Doe's mother testified that about two months later, Jane Doe told her about the assault, and she took her to the hospital. Valerie Murphy, a sexual assault nurse examiner, testified that she examined Jane Doe and did not find evidence of trauma.

Ultimately, the jury found Appellant "guilty" of both counts of sexual assault of a child. The matter proceeded to a trial on punishment, after which the jury assessed Appellant's punishment for each count at imprisonment for life and a $10,000 fine. The trial court sentenced Appellant accordingly, and this appeal followed.

## EVIDENTIARY SUFFICIENCY

In his first issue, Appellant argues that the evidence is legally insufficient to support his conviction of the offense in Count I of the indictment, which alleges that he penetrated Jane Doe's sexual organ with his tongue. In his second issue, Appellant contends that the evidence is legally insufficient to support his conviction of the offense in Count II of the indictment, which alleges that he penetrated Jane Doe's sexual organ with his sexual organ.

### Standard of Review and Governing Law

The *Jackson v. Virginia*[1] legal sufficiency standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the state is required to prove beyond a reasonable doubt. *See Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010). Legal sufficiency is the constitutional minimum required by the Due Process Clause of the Fourteenth Amendment to sustain a criminal conviction. *See Jackson*, 443 U.S. at 315–16, 99 S. Ct. at 2786–87; *see also Escobedo v. State*, 6 S.W.3d 1, 6 (Tex. App.–San Antonio 1999, pet. ref'd). The standard for reviewing a legal sufficiency challenge is whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Jackson*, 443 U.S. at 320, 99 S. Ct. at 2789; *see also Johnson v. State*, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993). The evidence is examined in the light most favorable to the verdict. *See Jackson*, 443 U.S. at 320, 99 S. Ct. at 2789; *Johnson*, 871 S.W.2d at 186. A successful legal sufficiency challenge will result in rendition of an acquittal by the reviewing court. *See Tibbs v. Florida*, 457 U.S. 31, 41–42, 102 S. Ct. 2211, 2217–18, 72 L. Ed. 2d 652 (1982).

The sufficiency of the evidence is measured against the offense as defined by a hypothetically correct jury charge. *See Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). Such a charge would include one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict

---

[1] 443 U.S. 307, 315–16, 99 S. Ct. 2781, 2786–87, 61 L. Ed. 2d 560 (1979).

the State's theories of liability, and adequately describes the particular offense for which the defendant is tried." *Id.*

To satisfy the elements of sexual assault of a child in this case, the State was required to prove that Appellant intentionally or knowingly penetrated the sexual organ of Jane Doe, a child under seventeen at the time, with his tongue and sexual organ. *See* TEX. PENAL CODE ANN. § 22.011 (West 2011).

## Analysis

Appellant emphasizes that Jane Doe was the only eyewitness to the assault, she did not make an immediate outcry to an adult, and the sexual assault examination did not yield findings of trauma or other physical evidence.

The state has no burden to provide physical evidence corroborating a sexual assault victim's testimony. *Lovings v. State*, 376 S.W.3d 328, 336 (Tex. App.–Houston [14th Dist.] 2012, no pet.) (citing *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991)). Furthermore, when the sexual assault victim is a child, the state has no burden to prove that the victim made an outcry. *See* TEX. CODE CRIM. PROC. ANN. art. 38.07 (West 2011).

In this case, Jane Doe testified that when she was fourteen years old, Appellant removed her pants and pushed his tongue inside and beyond the outer lips of her vagina. She stated that he also pushed his penis inside and beyond the outer lips of her vagina. She stated that he did both of these acts repeatedly and told her not to tell because he could go to jail for a long time. Jane Doe stated that she told her sister and a friend the next day but did not tell an adult right away because she might not be believed or the family might split apart. Murphy testified that two months later during her examination of Jane Doe, she found no signs of trauma, but that she would not expect to find signs of trauma in a victim of Jane Doe's age. Murphy further stated that she did not attempt to collect sperm or DNA because none would be found two months after an assault.

Based on our review of the entirety of the record, we conclude that a rational trier of fact could have found Appellant guilty beyond a reasonable doubt. Jane Doe's testimony alone, if believed by the jury, could support Appellant's convictions. *See* TEX. CODE CRIM. PROC. ANN. art. 38.07; *Satterwhite v. State*, 499 S.W.2d 314, 315 (Tex. Crim. App. 1973). We therefore hold that the evidence is sufficient to support the jury's verdict. Appellant's first and second issues are overruled.

## DISPOSITION

Having overruled Appellant's first and second issues, we ***affirm*** the trial court's judgment.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered December 12, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**DECEMBER 12, 2013**

**NO. 12-12-00409-CR**

**ALBERT CHARLES HALEY,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 217th District Court

of Angelina County, Texas (Tr.Ct.No. 2012-0414)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted Worthen, C.J., Griffith, J., and Hoyle, J.*