# NO. 12-13-00032-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *HORACE JOE BARKER,* *APPELLANT* | § | *APPEAL FROM THE 173RD* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *HENDERSON COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Horace Joe Barker appeals his conviction for aggravated sexual assault of a child, for which he was sentenced to imprisonment for life. Appellant raises two issues challenging the legal sufficiency of the evidence supporting the conviction, the court costs, and the attorney's fees assessed in the judgment. We modify the judgment and affirm as modified.

### BACKGROUND

Appellant was charged by indictment with the aggravated sexual assault of his six-year-old daughter and pleaded "not guilty." The matter proceeded to a jury trial.

At trial, the victim testified that Appellant sexually assaulted her during a visit to his home in January 2003. She stated that afterwards Appellant threatened to kill her and her mother if she told anyone. The victim further testified that about a week later, bumps appeared in her vaginal area and she began experiencing burning with urination. A medical doctor testified that in April 2003, the victim appeared in the emergency room with these symptoms and that she tested positive for genital herpes. The victim stated that she later told her mother about the assault when she was twelve or thirteen.

Ultimately, the jury found Appellant "guilty" as charged. The matter proceeded to a trial on punishment, after which the jury assessed Appellant's punishment at imprisonment for life. The trial court sentenced Appellant accordingly, and this appeal followed.

### EVIDENTIARY SUFFICIENCY

In his first issue, Appellant argues that the evidence is legally insufficient to support his conviction of the offense in the indictment, which alleges that he intentionally or knowingly caused the penetration of the victim's sexual organ by his sexual organ when the victim was under fourteen years old.

**Standard of Review and Applicable Law**

The *Jackson v. Virginia*[1] legal sufficiency standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the state is required to prove beyond a reasonable doubt. *See Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010). Legal sufficiency is the constitutional minimum required by the Due Process Clause of the Fourteenth Amendment to sustain a criminal conviction. *See Jackson*, 443 U.S. at 315–16, 99 S. Ct. at 2786–87; *see also Escobedo v. State*, 6 S.W.3d 1, 6 (Tex. App.–San Antonio 1999, pet. ref'd). The standard for reviewing a legal sufficiency challenge is whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Jackson*, 443 U.S. at 320, 99 S. Ct. at 2789; *see also Johnson v. State*, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993). The evidence is examined in the light most favorable to the verdict. *See Jackson*, 443 U.S. at 320, 99 S. Ct. at 2789; *Johnson*, 871 S.W.2d at 186. A successful legal sufficiency challenge will result in rendition of an acquittal by the reviewing court. *See Tibbs v. Florida*, 457 U.S. 31, 41–42, 102 S. Ct. 2211, 2217–18, 72 L. Ed. 2d 652 (1982).

The sufficiency of the evidence is measured against the offense as defined by a hypothetically correct jury charge. *See Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). Such a charge would include one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant is tried." *Id.*

---

[1] 443 U.S. 307, 315–16, 99 S. Ct. 2781, 2786–87, 61 L. Ed. 2d 560 (1979).

To satisfy the elements of aggravated sexual assault of a child in this case, the State was required to prove that Appellant intentionally or knowingly penetrated the sexual organ of the victim, a child under fourteen at the time, with his sexual organ. *See* TEX. PENAL CODE ANN. § 22.021 (West Supp. 2014).

**Analysis**

The undisputed evidence in this case shows that the victim and her brother last visited Appellant in his home in January 2003, and that the victim tested positive for herpes in April 2003 after seeking emergency medical care for vaginal pain and burning with urination.

The victim testified that during the visit, Appellant asked her to play a "touching game" and then told her to remove her clothes. She stated that when she refused, he removed her clothes and his and got on top of her on the bed. She stated that she felt his "private area" touching her "private area," and that she felt something enter her vagina. She stated that Appellant's body was moving in an "upward and backward-type motion." The victim stated that she experienced excruciating pain that felt like tearing in her lower body. And she testified that bumps appeared in her vaginal area and she began having burning with urination about a week later.

Another witness, a neighbor's child who had visited Appellant's home when the victim was there, testified that she specifically remembered the day the victim left because she observed the victim crying uncontrollably without any apparent reason. The witness stated that the victim asked Appellant's girlfriend rather than Appellant to take her home, and that she had found this strange.

Appellant argues that no rational jury could have found him guilty beyond a reasonable doubt because the victim's last visit with him was in January 2003, and her trip to the emergency room and resulting diagnosis of genital herpes was in April 2003. The emergency room doctor testified that symptoms of genital herpes emerge three to fourteen days after exposure. The doctor further testified that his records did not show that the victim or her mother told him about any symptoms prior to the episode that brought them to the emergency room. He stated that they indicated the symptoms began four days before the emergency room visit.

Appellant contends that the doctor's testimony indicates the victim contracted the virus three to fourteen days prior to the examination in April, which means he could not have sexually assaulted and infected her with herpes in January. As an initial matter, we note that the State

3

needed to prove only that Appellant sexually assaulted the victim, not that he infected her with herpes in January. Further though, the record as a whole does not support Appellant's contention. First, upon further examination, the doctor acknowledged that his records indicated the victim had been taken to another medical care facility one month prior to the emergency room visit. These records indicate the reason for that visit was vaginal pain. Moreover, the victim testified that she had bumps and burning with urination about a week after the assault in January. Thus, a rational jury could conclude that the episode of symptoms that brought the victim to the emergency room was not the first such episode, and that Appellant sexually assaulted the victim and infected her with the herpes virus in January 2003.

Based on our review of the entirety of the record, we conclude that a rational trier of fact could have found Appellant guilty beyond a reasonable doubt. The victim's testimony alone, if believed by the jury, could support Appellant's convictions. *See* TEX. CODE CRIM. PROC. ANN. art. 38.07 (West Supp. 2014); *see also **Satterwhite v. State***, 499 S.W.2d 314, 315 (Tex. Crim. App. 1973). We therefore hold that the evidence is sufficient to support the jury's verdict. Appellant's first issue is overruled.


**COURT COSTS AND ATTORNEY'S FEES**

In his second issue, Appellant argues that the evidence is legally insufficient to support the trial court's assessment of court costs and attorney's fees. He contends that because the record contains no bill of costs and no evidence to support a finding that he is not indigent, the judgment should be modified to delete the court costs and attorney's fees. The State agrees.

**Standard of Review**

The imposition of court costs upon a criminal defendant is a "nonpunitive recoupment of the costs of judicial resources expended in connection with the trial of the case." ***Johnson v. State*** 423 S.W.3d 385, 390 (Tex. Crim. App. 2014). When the imposition of court costs is challenged on appeal, we review the assessment of costs to determine if there is a basis for the costs, not to determine if sufficient evidence to prove each cost was offered at trial. ***Id.***

**Court Costs**

A bill of costs is not required to sustain statutorily authorized and assessed court costs, but it is the most expedient and, therefore, preferable method. *See **id.*** at 396. If a bill of costs is

omitted, one can be prepared and presented to the appellate court in a supplemental clerk's record. *See id.* at 392.

In this case, the judgment of conviction assesses $623.00 as court costs. After Appellant filed his brief, the record was supplemented with a bill of costs. *See id.* The amount reflected in the bill of costs corresponds with the costs reflected in the judgment. Appellant does not challenge a specific cost or basis for the assessment of a particular cost. Absent such a challenge, the bill of costs of record is sufficient to support the assessed costs in this case. *See id.* at 396. We overrule Appellant's second issue as it relates to the $623.00 in court costs.

**Attorney's Fees**

A trial court has the authority to assess attorney's fees against a criminal defendant who received court-appointed counsel. TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West Supp. 2014). But once a criminal defendant has been determined to be indigent, he "is presumed to remain indigent for the remainder of the proceedings unless a material change in his financial circumstances occurs." TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West Supp. 2014). Before attorney's fees may be imposed, the trial court must make a determination supported by some factual basis in the record that the defendant has the financial resources to enable him to offset in part or in whole the costs of the legal services provided. *See Johnson v. State*, 405 S.W.3d 350, 354 (Tex. App.—Tyler 2013, no pet.). If the record does not show that the defendant's financial circumstances materially changed, there is no basis for the imposition of attorney's fees. *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(p); *Mayer v. State*, 309 S.W.3d 552, 553, 557 (Tex. Crim. App. 2010); *Johnson*, 405 S.W.3d at 354.

In this case, the judgment of conviction assesses $4,492.00 as attorney's fees. The record shows that the trial court twice determined that Appellant was indigent—by appointing counsel to represent Appellant and by appointing a medical expert to assist in his case. The record does not show that the trial court ever made a finding that Appellant's financial circumstances had materially changed. Thus, there is no basis in the record to support the imposition of attorney's fees. *See Johnson*, 405 S.W.3d at 355. We sustain Appellant's second issue as it relates to attorney's fees.

## DISPOSITION

Having sustained Appellant's second issue in part, we ***modify*** the trial court's judgment to delete the assessment of attorney's fees. Having overruled Appellant's first issue and the remainder of his second issue, we ***affirm*** the trial court's judgment ***as modified***.


**BRIAN HOYLE**
Justice

Opinion delivered January 21, 2015.
*Panel consisted of Worthen, C.J., and Hoyle, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

### JANUARY 21, 2015

### NO. 12-13-00032-CR

**HORACE JOE BARKER,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 173rd District Court

of Henderson County, Texas (Tr.Ct.No. B-18,516)

THIS CAUSE came on to be heard on the appellate record and the briefs filed herein; and the same being inspected, it is the opinion of this court that the trial court's judgment below should be **modified and, as modified, affirmed**.

It is therefore ORDERED, ADJUDGED and DECREED that the trial court's judgment below be **modified** to delete the assessment of attorney's fees; **and as modified**, the trial court's judgment is **affirmed**; and that this decision be certified to the trial court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., and Hoyle, J.*